(December 10, 1894.)

## EASLEY v. NEW ZEALAND INSURANCE COMPANY.
### [38 Pac. 405.]

PRACTICE—CHANGE OF PLACE OF TRIAL.—A foreign corporation, having complied with the provisions of section 2653 of the Revised Statutes, has all the rights of a domestic corporation, including the right of trial within the county where its principal place of business is located.

APPEAL from District Court, Alturas County.

S. H. Hays and Henry Z. Johnson, for Appellant.

The sole question presented on this appeal is whether a foreign corporation has the right under our laws to a trial in the county in which the principal place of business of such corporation is conducted. "An appeal may be taken to the supreme court . . . . from an order refusing to grant a change of the place of trial." (Idaho Rev. Stats., sec. 4807, subd. 3.)   The proper remedy is an appeal from the order, and the remedy is complete. (*San Joaquin County v. Superior Court,* 98 Cal. 602, 33 Pac. 182; *Howell v. Thompson,* 70 Cal. 635, 638, 11 Pac. 789; *Jenkins v. Stage Co.,* 22 Cal. 538.)   Section 2653 of the Revised Statutes accords to foreign corporations complying with the provisions of our law governing corporations "all the rights and privileges of like domestic corporations," and declares that they shall be subject to the laws applicable to like domestic corporations. We contend that as it was held to be the right of a domestic corporation to trial in the county where its principal place of business was conducted, the same right and privilege

under section 2653 just quoted inures to a foreign corporation of a like character complying with the requirements of our law. Provisions similar to section 2653 are to be found in other statutes, notably, Oregon: 2 Hill's Annotated Laws, sec. 3294; Nebraska: Consolidated Stats., sec. 358; Illinois: 1 Starr & Curtis, Ann. Stats., c. 32, sec. 26; *Santa Clara Female Academy v. Sullivan,* 116 Ill. 375, 383-385, 56 Am. Rep. 776, 6 N. E. 183; *Stevens v. Pratt,* 101 Ill. 206, 207; *Barnes v. Suddard,* 117 Ill. 237, 7 N. E. 477.)

Texas Angel, for Respondent.

There is nothing in section 2653 that requires a foreign corporation to designate its residence or principal place of business, but it must "designate some person residing in the county in which the principal place of business of such corporation in this territory is conducted, upon whom process issued by authority of or under any law of this territory may be served." This is a statutory obligation, not a right. The right is one conferred upon the people of the state to protect them; the obligation is upon the corporation to comply with the statute for the protection of the people. The case of *Thomas v. Placerville etc. Min. Co.,* 65 Cal. 600, 4 Pac. 641, is strictly applicable, and holds that an action against a foreign corporation may be commenced in any county the plaintiff may designate in his complaint.

HUSTON, C. J.—This is an appeal from an order of the district court of Alturas county overruling a motion for change of place of trial. Plaintiff brought action on a policy of insurance issued by defendant, a foreign corporation. Defendant applied for a change of place of trial, claiming that under the statutes of Idaho, it having complied with all the requirements of the statutes, it was entitled to a trial within the county where its principal place of business was located. It is provided by the statutes of Idaho (Rev. Stats., sec. 2653) "that such foreign corporations complying with the provisions of this section shall have all the rights and privileges of like domestic corporations," etc. One of the rights of a domestic corporation, under our statute (Rev. Stats., sec. 2633, subd. 2), is to sue and be sued

in any court as a natural person may.  It is the right of any resident defendant sued within this state to have a trial of his case in the county of his residence.   (Rev. Stats., secs. 4123-4125.)   On complying with the provisions of section 2653 of the Revised Statutes, a foreign corporation has a fixed residence within the state for the purpose of suing and being sued, and can insist upon the trial of any case brought against it at such place of residence.   Order of district court is overruled.

Morgan and Sullivan, JJ., concur.