(December 12, 1898.)

## WEBSTER v. OREGON SHORT LINE RAILWAY.

[55 Pac. 661.]

FOREIGN CORPORATION—DESIGNATED AGENT—VENUE OF ACTIONS IN JUSTICE'S COURT.—By complying with the requirements of law as to the appointment of an agent upon whom process may be served, a foreign corporation doing business in Idaho requires the same rights, but no greater than those of a citizen, so far as the venue of actions against it are concerned.

SAME—JURISDICTION.—Under the provisions of section 4639 of the Revised Statutes, a foreign corporation doing business in this state may be sued in a justice's court in the precinct in which an injury to property occurs, to recover damages for such injury, although such precinct may be in a county other than the one in which its principal place of business is, and its duly designated agent to receive process for it resides.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

P. L. Williams and Joseph H. Blair, for Appellant.

The defendant below, having complied with the provisions of section 2653 of the Revised Statutes of Idaho, as approved by the decision of this court in the case of *Easley v. New Zealand Ins. Co.*, 4 Idaho, 205, 38 Pac. 405, was of the opinion, and is now, that the county in which the action was commenced was not the proper county for the trial thereof, and that under the provisions of section 4124 of the Revised Statutes of Idaho, it might, by filing a demurrer and an affidavit of merits at the time of appearing, also demand in writing that the trial be had in the proper county. (*Heald v. Hendy*, 65 Cal. 321, 4 Pac. 27; *Williams v. Keller*, 6 Nev. 141; *Buck v. Eureka*, 97 Cal. 135, 31 Pac. 845.)

T. L. Glenn, for Respondent, cites no authorities upon the point decided.

QUARLES, J.—This action was commenced by the plaintiff in the justice's court in and for Montpelier, in Bear Lake

county, before G. C. Hillier, J. P., to recover damages for the negligent killing of three head of horses, in the sum of $100. The defendant demurred to the complaint, and filed with its demurrer an affidavit of merits, in which affidavit it is also made to appear that the defendant is a foreign corporation doing business in this state, having its principal place of business in this state, in Bannock county, and that it has, by writing filed with the Secretary of State of the state of Idaho, and also with the clerk of the district court of said Bannock county, designated Joseph H. Blair, a person residing in the city of Pocatello, in said Bannock county, as its agent upon whom service of process issued by authority of, or under any law of, this state may be served; and also a demand in writing for a change of venue of said action from said Bear Lake county to said Bannock county. Said demand was denied by the justice's court, whereupon the defendant objected and protested against said court proceeding further in the action; but the court overruled the said demurrer, and, the defendant failing to answer, the evidence was heard, and judgment made and entered in favor of the plaintiff for $100 damages, and costs taxed at twenty-four dollars and fifty cents. From this judgment the defendant appealed to the district court in and for Bear Lake county, in which court defendant, on said affidavit and demand, renewed its motion for a change of venue, which motion was denied; and from the order denying the change of venue this appeal was taken.

The only question before us for determination is, Was the defendant entitled to the change of venue demanded? This depends upon whether the justice's court in Bear Lake county had jurisdiction to try the case or not. The appellant contends that by complying with the provisions of section 2653 of the Revised Statutes, as construed by this court in *Easley v. Insurance Co.,* 4 Idaho, 205, 38 Pac. 405, relative to the designation of an agent upon whom process might be served, the defendant acquired a residence in Bannock county, and was entitled to a trial there. Under said authority we would have to sustain the appellant's contention, if this suit had been commenced in a district court. This case is unlike the case of *Eas-*

*ley v. Insurance Co., supra,* and is not controlled by the decision in that case. The jurisdiction of a justice's court is fixed by section 4639 of the Revised Statutes, the third subsection of which fixes the venue of cases like the one at bar in the precinct or city where the injury was committed, or where the defendant resides. Said subsection reads as follows: "(3) In case of injury to the person or property; in the precinct or city where the injury was committed, or where the defendant resides." Under the provisions of sections 2653 and 4639 of the Revised Statutes, *supra,* the justice's court in the precinct or city where the injury occurred had jurisdiction to try the action, and the plaintiff could elect between the two named justices' courts. The authorities cited by appellant are not in point. By complying with the law relating to the designation of a person upon whom process may be served, a foreign corporation obtains the same rights as a citizen, so far as the venue of action is concerned, but no superior rights to the citizen.

It is alleged in the complaint that the injury complained of occurred on the track of the defendant, "at or near mile post number 94½, in the county of Bear Lake, and state of Idaho." There is no showing that the injury did not occur in the precinct in which the action was commenced. The district court properly denied the motion of the defendant for a change of venue, and the order appealed from is affirmed. The cause is remanded to the district court for further proceedings consistent with this opinion. Costs of this appeal awarded to the respondent.

Sullivan, C. J., and Huston, J., concur.