(November 25, 1901.)

## BOYER v. NORTHERN PACIFIC RAILWAY COMPANY.
### [66 Pac. 826.]

FOREIGN CORPORATION—JURISDICTION—VENUE OF ACTIONS.—Foreign corporations are, for the purposes of jurisdiction, nonresidents of the state, and may be sued in the district court in any county in the state designated in plaintiff's complaint.

SAME—RESIDENCE OF FOREIGN CORPORATIONS.—A foreign corporation doing business in this state does not acquire a fixed residence in this state by designating an agent upon whom process may be served, as required by the provisions of section 2653 of the Re-

vised Statutes, and the decision in the case of *Easley v. New Zealand Ins. Co.*, 4 Idaho, 205, 38 Pac. 405, announcing a different rule, expressly overruled.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

H. M. Stephens, John M. Bunn and E. T. White, for Appellant.

Foreign corporations complying with the provisions of section 2653 of the Revised Statutes of Idaho have all the rights and privileges of like domestic corporations, and are subject to the laws of this state applicable to like domestic corporations. (Idaho Rev. Stats., sec. 2653; *Easley v. New Zealand, Ins. Co.*, 4 Idaho, 205, 38 Pac. 405; *Webster v. Oregon Short-Line R. Co.*, 6 Idaho, 312, 55 Pac. 661.) One of the rights of a domestic corporation, under the statutes of Idaho, is to sue and be sued in any court as a natural person may. (Idaho Rev. Stats., sec. 2633, subd. 2.) "A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter; but it may by its agents transact business anywhere, unless prohibited by its charter, or prohibited by local laws." (*Ex parte Schollenberger*, 96 U. S. 369; *Thorn v. Railroad Co.*, 26 N. J. L. 121; *Connecticut R. R. Co. v, Cooper*, 30 Vt. 476, 73 Am. Dec. 319.)

Charles L. Heitman, for Respondents.

It is a matter of general history of which the court will take judicial notice, that the main line of the defendant traverses Kootenai county, and that its immense land grant derived from the national government, and extending for fifty miles on each side of its main line in Kootenai county, is situated in the county of Kootenai, and yet this defendant is not a resident of Kootenai county so as to enable residents of Kootenai county to bring actions against the defendant and have these actions tried in the county where are its immense properties, its railroad tracks, its station-houses, its rolling stock, and where, as the record discloses, it exercises its fran-

chises in the state of Idaho and it exercises these franchises in no other county in Idaho. Respondents contend that to sustain the motion of the defendant in this case and upon this record would be doing great injustice to the respondents. The supreme court of the United States has declared in a number of cases that corporations are conclusively presumed to be residents of the states in which they are created. (*Railroad Co. v. Koontz,* 104 U. S. 5; *Ex parte Schollenberger,* 96 U. S. 369; *Railroad Co. v. Leston,* 2 How. 558; *Locomotive Engine etc. Co. v. Erie Ry. Co.,* 10 Blatchf. 307, Fed. Cas. No. 8452; *United States v. Railroad Co.,* 49 Fed. 297; *Zambrino v. Railway Co.,* 38 Fed. 449; *United States v. Southern Pacific Ry. Co.,* 49 Fed. 302; *Davis v. Banking Co.,* 17 Ga. 336; 6 Thompson on Corporations, sec. 7426.)

QUARLES, C. J.—The respondent commenced this action to recover damages for personal injuries alleged to have been sustained by him while a passenger on a train of cars operated by the appellant, in the district court of the first judicial district, in and for Kootenai county. To the complaint the defendant filed its answer, an affidavit of merits, and demand for a change of venue to the district court of the second judicial district, in and for Nez Perces county, on the ground that the defendant, a foreign corporation, has its principal place of business and its regularly designated agent in the latter county, and for that reason is entitled to the change of venue demanded. This motion was denied, and from the order of the court denying the motion for the change of venue, appellant appeals.

It sufficiently appears that the appellant is a foreign corporation, and that it has duly, by writing, filed and recorded as required by law, designated an agent resident at Lewiston, in Nez Perces county, upon whom legal process shall be served by and on behalf of the said appellant, and that said latter place is its principal place of business in this state. Appellant contends that under the statutes and the decisions of this court in *Easley v. Insurance Co.,* 4 Idaho, 205, 38 Pac. 405, and *Webster v. Railroad Co.,* 6 Idaho, 312, 55 Pac. 661, and other authorities cited, it was error to deny the said motion.

If the rule announced in *Easley v. Insurance Co.* applies to railroad corporations, under our statutes, and that decision is followed, the contention of appellant must be sustained. This precise question did not arise in either of the cases named. In the former case the question related to insurance companies, and while the language used in the decision is broad, and would appear to apply generally to all foreign corporations, yet the precise question here was not considered in that case; and, while the language used in the latter case would seem to carry the idea that the rule announced in *Easley v. Insurance Co.* applies to railroad corporations, yet what was there said was *obiter dicta,* and neither of said decisions is conclusive of the question here presented. This is the first time that this precise question has been before this court, and, owing to its importance not only to the people of this state, but to railroad companies whose lines run into this state, we have given this question extended and careful consideration.

The statute authorizing or requiring foreign corporations to designate an agent upon whom service of process may be served (Rev. Stats., sec. 2653) was not intended to apply to railroad corporations. That statute prescribes a general rule, and was enacted for the benefit and convenience of the citizens of this state. That the rule should not apply to railroad corporations is apparent from the fact that the legislature has prescribed that summons may be served upon any ticket or station agent, thus showing that summons need not be necessarily served upon the designated agent. As a matter of fact, section 2653 of the Revised Statutes does not prescribe upon what agent of a foreign corporation service shall be made. The object of that statute was to make it possible for all citizens of this state to obtain actual service upon foreign corporations doing business in this state, whether such foreign corporations have one or more regular places of business or not. The persons or agents upon whom service may be made in actions against foreign corporations are named in section 4144 of the Revised Statutes as amended by act of March 3, 1897 (Acts 1897, p. 13), and re-enacted February 16, 1899 (Acts 1899, p. 293). The second subdivision of said section

as amended is as follows: "If the suit is against a foreign
corporation, or a nonresident joint stock company or associa-
tion doing business and having a managing or business agent,
cashier or secretary within this state to such agent,
cashier or secretary, or to any station, ticket or other agent
of such corporation transacting business thereof in the county
where the action is commenced, and if there is no such agent
in said county, then service may be had upon any such agent
in any other county." And subdivision 3 of said section as
amended is as follows: "And whenever any foreign corporation
or nonresident joint stock company or association, doing busi-
ness within the state of Idaho, shall not have any designated
person actually residing in the county in which said corpora-
tion or joint stock company shall be doing business within this
state upon whom process issued by authority of or under any
law of this state may be served as provided in section 2653
of the Revised Statutes of Idaho, or when any such corpo-
ration or joint stock company having appointed such person
or agent as provided in said section 2653, and said agent or
person so designated, shall have removed from, or ceased to
be a resident, or be absent for more than thirty (30) days
from said county, then the auditor of said county shall be
and is hereby designated as the authorized agent of said cor-
poration or joint stock company upon whom process issued by
authority of or under any law of this state may be served with
like effect as though said service were made upon the agent
or person appointed or designated as provided in section 2653
of the Revised Statutes of Idaho." This statute would seem
to contemplate the suing of foreign corporations doing busi-
ness in this state in any county in which they do business, ir-
respective of the residence of the agent which it may have
designated under the provision of section 2653 of the Revised
Statutes. Considering these statutes together, it is evident
that the legislature intended that summons in a civil action
might be served in any county in which a foreign corporation
is doing business in this state. In *Easley v. Insurance Co.* this
court committed the error of holding that a foreign corpora-
tion which has complied with section 2653 of the Revised

Statutes, obtains "a fixed residence within the state for the purpose of suing and being sued, and can insist upon the trial of any case brought against it at such place of residence." That decision, so far as the question now under consideration is concerned, is overruled. Both upon principle and authority, private corporations are residents of the state in which they are created. They have, and can have, but one domicile—that the state of their birth, and which is fixed by the charter of incorporation. They may migrate into other countries and jurisdictions for the purpose of business, and may be permitted to carry on business in other states; yet, so far as jurisdiction of courts is concerned, they are treated both by our federal courts and by our state courts as residents of the state in which created, and nonresidents of other states. The appellant in this case is a foreign corporation. If the amount in controversy was sufficient, it would have been entitled to have the action removed from the state court into the federal court on the ground of its being a nonresident, upon proper application therefor. Foreign corporations are and remain, to all intents and purposes, so far as jurisdiction of actions is concerned, nonresidents of the state. We have no statute or constitutional provision in this state giving a corporation, whether foreign or domestic, the right to have actions against it tried in the county in which its principal place of business is located, or in which the agent who may have been designated under the provisions of section 2653 of the Revised Statutes resides. Section 4123 of the Revised Statutes, providing for the place of trial of transitory actions, is as follows: "In all other cases the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action; or, if none of the defendants reside in the state, or, if residing in this state, the county in which they reside is unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint; and if the defendant is about to depart from the state, such action may be tried in any county where either of the parties reside or service is had; subject, however, to the power of the court to change the place of trial as provided in this code." In Thompson's Commen-

taries on the Law of Corporations (volume 6, section 7426) it is said: "The rule as to venue deducible from the foregoing sections is that a corporation, whether foreign or domestic, having a general residence in the state for the purposes of jurisdiction, is deemed to reside throughout the entire limits of the state, and especially in those counties where it carries on its business and exercises its franchises, and is hence suable in any county where it has an agent upon whom process against it may lawfully be served. It should be carefully kept in mind, however, that this rule is not so much a theory of the courts as to the legal situs of a corporation for the purposes of jurisdiction, as it is a rule in particular states, founded on the express language of statutes, and that, in so far as the states have the same rule, it is rather a rule depending upon a concurrence of legislation, than upon a concurrence of judicial decisions. The word 'nonresident' in this statute includes corporations, according to a principle of interpretation elsewhere referred to. The point upon which these statutes more frequently concur is that a transitory action may be brought against a railroad company in any county through which it operates its road, provided it has an agent in that county upon whom process may lawfully be served; and this irrespective of the question of the place where the cause of action accrued or the injury was done." The correct rule applicable to this case is stated by Judge Thompson in the foregoing section. In the absence of any statutory provision fixing the place of trial in actions against foreign corporations in any particular county, we see no reason why such actions should not be brought and maintained in any county in this state. This, we think, is the policy and theory of our code.

For the foregoing reasons, the order of the district court denying appellant's motion to change the place of trial from Kootenai county to Nez Perces county is affirmed, with costs to the respondents.

Sullivan and Stockslager, JJ., concur.