(November 22, 1913.)

W. E. SMITH, E. E. SMITH and CARL SMITH, Copartners Doing Business as SMITH BROS., Respondents, v. INTER–MOUNTAIN AUTO CO., LTD., a Corporation, Appellant.

[136 Pac. 1125.]

MOTION TO DISMISS—TRANSCRIPT—CERTIFICATE—CORPORATIONS—DOMESTIC—FOREIGN—VENUE—RESIDENCE.

1.   Where the transcript on appeal does not contain the proper certificate showing what papers the trial court or judge used on the hearing of the matter presented to him, and a motion is made to dismiss the appeal on that ground, and counsel for appellant asks for permission to procure the proper certificate and he is given permission to do so, and thereafter furnished the proper certificate, the appeal will not be dismissed on that ground.

2.   Foreign corporations that have complied with the constitution and laws of this state in regard to doing business in this state have all the rights and privileges of domestic corporations, under the provisions of sec. 2792, Rev. Codes.

3.   *Boyer v. Northern Pac. Ry. Co.,* 8 Ida. 74, 66 Pac. 826, 70 L. R. A. 691, cited and approved.

4.   A domestic corporation under our statutes has not the absolute right to have all actions brought against it tried in the county where its principal place of business is located.

5.   Where an action is brought against a domestic corporation in the county where the contract on which the action is based was made, the corporation has no absolute right under our statutes to have the venue of such action changed to the county wherein is located the principal place of business of such corporation.

APPEAL from the District Court of the Fourth Judicial District in and for Lincoln County. Hon. Edward A. Walters, Judge.

Action to recover commissions for the sale of certain automobiles.   Motion for a change of venue denied.   *Affirmed.*

Pence & Koelsch, for Appellant.

The cause of action is not of a local nature and not one of those the place of trial of which is specifically fixed by

the statutes, and so "the action must be tried in the county in which the defendant . . . . resided at the commencement of the action." (Sec. 4123, Rev. Codes; *Jenkins v. California Stage Co.*, 22 Cal. 538.)

Sec. 20 of the practice act of 1858 of California is now sec. 395, Code of Civil Procedure of California, and is *verbatim* with sec. 4123 of our Revised Codes excepting from the latter the proviso. The case of *Jenkins v. Stage Company* had been decided before the adoption of this statute from California by Idaho, so that the construction placed on the statute was adopted with it. (*Cohn v. Central Pacific R. Co.*, 71 Cal. 488, 12 Pac. 498; *Buck v. Eureka*, 97 Cal. 135, 31 Pac. 845; *Waechter v. Atchison T. & F. R. Co.*, 10 Cal. App. 70, 101 Pac. 41; *Bloom v. Michigan Salmon Min. Co.*, 11 Cal. App. 122, 104 Pac. 325.)

Utah also adopted sec. 395 of the California Code of Civil Procedure and with it the construction placed thereon by California in *Jenkins v. California Stage Co.* (See, also, *Crookston v. Centennial Eureka Min. Co.*, 13 Utah, 117, 44 Pac. 714; *Southwestern R. R. Co. v. Paulk*, 24 Ga. 356; *Central Bank of Georgia v. Gibson*, 11 Ga. 453; *Rossie Iron Works v. Westbrook*, 59 Hun, 345, 13 N. Y. Supp. 141.)

"The residence of a corporation is deemed to be in the county where it has its principal office or place of business." (*Holgate v. Oregon Pac. R. Co.*, 16 Or. 123, 17 Pac. 859; *Galveston etc. R. Co. v. Gonzales*, 151 U. S. 497, 14 Sup. Ct. 401, 38 L. ed. 248; 1 Clark & Marshall on Corporations, sec. 116; 40 Cyc. 39, 40.)

W. G. Bissell, for Respondents.

"A corporation, whether foreign or domestic, having a general residence in the state for the purpose of jurisdiction, is deemed to reside throughout the entire limits of the state and especially in those counties where it carries on its business and exercises its franchises, and is hence suable in any county where it has an agent upon whom process against it may law-

fully be served." (*Boyer v. Northern Pac. R. Co.,* 8 Ida. 74, 66 Pac. 826, 70 L. R. A. 691.)

The certificate referred to in this case is identical in its essential point with that presented in the record of *Village of Sandpoint v. Doyle,* 9 Ida. 236, 74 Pac. 861, and the court has held in unequivocal language that such identification is not sufficient. (See, also, *Kootenai County v. Hope Lumber Co.,* 13 Ida. 262, 89 Pac. 1054.)

A proper certificate filed after the hearing comes too late, but it might have been granted, if presented, in the original hearing. (*Steve v. Bonner's Ferry Lumber Co.,* 13 Ida. 384, 392, 92 Pac. 363. See, also, *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962; *Doust v. Rocky Mountain Bell Tel. Co.,* 14 Ida. 679, 95 Pac. 209; *Knutsen v. Phillips,* 16 Ida. 267, 101 Pac. 596; *Johnston v. Bronson,* 19 Ida. 449, 114 Pac. 5; *Medbury v. Maloney,* 12 Ida. 634, 88 Pac. 81.)

SULLIVAN, J.—This action was brought in Lincoln county to recover commissions for the sale of three automobiles under a written contract made in said county. The defendant, the Inter-Mountain Auto Company, is a domestic corporation, with its principal place of business in Boise City, Ada county. After the service of summons, the defendant appeared and filed a demurrer to the complaint, and also a motion for a change of venue, basing said motion on the fact that the residence of said auto company was in Ada county. Said motion was supported by an affidavit showing the facts in regard to the residence of defendant. The motion was denied and this appeal is from the order denying the motion.

1. A motion has been filed in this court to dismiss this appeal on the ground that there is no certificate to the record showing what papers were considered by the trial court in deciding said motion for a change of venue. On the hearing counsel for appellant suggested a diminution of the record and time was given him to furnish the proper certificate from the judge who decided said motion. Thereafter the proper certificate was filed.

On the authority of *Steensland v. Hess, ante,* p. 181, 136 Pac. 1124, decided at the present term of this court, the motion to dismiss must be denied.

2. The next question presented for decision is: Did the court err in denying said motion for a change of venue, made upon the ground that appellant's principal place of business is in Ada county?

It is contended by counsel for appellant that this cause of action is not a local one and not one of those the place of trial of which is specifically fixed by the statute, and that "the action must be tried in the county in which the defendant . . . . resided at the commencement of the action." (Sec. 4123, Rev. Codes.)

Counsel for appellant most earnestly contend that a corporation, for the purpose of being sued, is to be regarded as a resident of the county where its principal office or place of business is located, and that a suit against it must be brought in that county, and cite many cases that hold with them upon that point. Those decisions, however, are under a constitution and statute different from the constitution and statutes of this state.

In *Boyer v. Northern Pac. Ry. Co.,* 8 Ida. 74, 66 Pac. 826, 70 L. R. A. 691, this court held that a foreign corporation doing business in this state does not acquire a fixed residence in a particular county by designating an agent residing in that county upon whom process may be served, and expressly overruled the case of *Easley v. New Zealand Ins. Co.,* 4 Ida. 205, 38 Pac. 405, announcing a different rule. The statutes of many states provide that the residence of a domestic or foreign corporation is in the county where the place of business of such corporation is located. We have no such statute. Since under the statute (sec. 2792) foreign corporations that have complied with the constitution and laws of this state have all the rights and privileges of domestic corporations, the rule laid down in *Boyer v. Northern Pac. Ry. Co., supra,* is the rule applicable alike to domestic and foreign corporations.

If this court holds under the statutes of this state that all suits must be brought against a corporation doing business in this state in the county designated by it as its principal place of business, then if an animal is killed on the railroad in the western part of the state and the principal office or place of business of the railroad company is in the eastern part of the state, the venue would be so far distant from the owner of the animal that it might cost him more to try his case at such distant point than the animal is worth, and such holding would be prohibitive of the recovery of the value of such animal. The fact that the law provides that service may be made upon a ticket agent or other agent of a railway company would make no difference if this court holds that actions against a corporation must be tried in the county designated as its principal place of business.

As stated in *Boyer v. Northern Pac. Ry. Co., supra,* "We have no statute or constitutional provision in this state giving a corporation, whether foreign or domestic, the right to have actions against it tried in the county in which its principal place of business is located, or in which the agent who may have been designated under the provisions of section 2653 of the Revised Statutes resides."

In Thompson's Commentaries on the Law of Corporations, vol. 6, sec. 7426, the author says: "The rule as to venue deducible from the foregoing section is that a corporation, whether foreign or domestic, having a general residence in the state for the purposes of jurisdiction, is deemed to reside throughout the entire limits of the state, and especially in those counties where it carries on its business and exercises its franchises, and is hence suable in any county where it has an agent upon whom process against it may lawfully be served."

The appellant corporation, being a domestic corporation, has no more rights under the statute in this state in regard to venue than has a foreign corporation that has complied with the constitution and laws of this state.

For the foregoing reasons, the action of the trial court in denying the motion for a change of venue must be affirmed, and it is so ordered.   Costs of this appeal are awarded to the respondents.

Ailshie, C. J., and Stewart, J., concur.