(February 16, 1927.)

AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Plaintiff, v. THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR ADA COUNTY, and DANA E. BRINCK, as One of the Judges of Said Court, Defendants.

[254 Pac. 515.]

CORPORATIONS—FOREIGN—INSURANCE COMPANIES—VENUE IN ACTIONS AGAINST—REMEDY WHEN SUED IN WRONG COUNTY—APPEARANCE— WAIVER OF RIGHT TO OBJECT TO JURISDICTION.

1.   The rule, obtaining before amendment by Laws 1923, chap. 79, of C. S., sec. 6664, that, the statute being silent as to venue in actions against corporations, either a domestic corporation or a foreign corporation, doing business in the state and complying with its statutes relative to foreign corporations · doing business in the state, may be sued in any county in the state, is not changed as to such foreign corporations by such amendment merely providing where action against domestic ·corporation shall be commenced and tried.

2.   A foreign surety company, being under C. S., secs. 4921, 4926, an insurance company, where doing business in the state, having complied with section 4949 by appointing the commissioner of commerce and industry as its agent on whom to serve process, may, under section 4967, be sued in the county where loss occurs or where policy-holder resides.

3.   Venue in all actions against foreign insurance companies doing business in the state being specially fixed by statute, the general provisions of the code relating to venue in actions against foreign corporations do not apply.

4.   If action against foreign insurance company doing business in state is brought in wrong county, remedy is by motion under C. S., sec. 6665, for change of venue, and not by motion to dismiss.

5.   Defendants, by obtaining from plaintiff extensions of time in which to plead to complaint and by moving for change of

venue, *held* to have waived any right to objection to jurisdiction of court where action was brought.

Original proceeding. Application for writ of prohibition. *Writ denied.*

Richards & Haga, for Plaintiff.

Where a state specifically provides a remedy and provides in what county the remedy may be enforced, it excludes all other remedies and all other courts. (*Great Western Life Assur. Co. v. State*, 181 Ind. 28, 102 N. E. 849, 103 N. E. 843.)

When a statute says that an action shall be "commenced" or "brought" in a certain county, as the county where the defendant resides or the cause of action arose, or where the corporation has its principal place of business, the action is by such statute made a local one and it can be brought only in the county where the specified conditions exist, and courts of other counties are without jurisdiction. (*McMaster v. Advance Thresher Co.*, 10 Wash. 147, 38 Pac. 760; *Dunham v. Shindler*, 17 Or. 256, 20 Pac. 326; *Fratt v. Wilson*, 30 Or. 542, 48 Pac. 356; *Hammel v. Fidelity Mut. Aid Assn.*, 42 Wash. 448, 85 Pac. 35; *Whitman County v. United States Fid. etc. Co.*, 49 Wash. 150, 94 Pac. 906; *State v. Alameda Con. Mines Co.*, 107 Or. 18, 212 Pac. 789; *Richman v. Wenaha County*, 74 Wash. 370, 133 Pac. 467; *Parke v. Commonwealth Ins. Co.*, 44 Pa. 422; *McCauley v. Murdock*, 97 Ind. 229; *Boorum v. Ray*, 72 Ind. 151; *Kenney v. Greer*, 13 Ill. 432, 54 Am. Dec. 439; *Parker v. Palmer*, 22 Ill. 489; *State v. District Court*, 94 Minn. 370, 3 Ann. Cas. 725, 102 N. W. 869;

---

Publisher's Note.

1. See 12 R. C. L. 117.

See Appearances, 4 C. J., sec. 32, p. 1340, n. 95; p. 1341, n. 32 New; sec. 53, p. 1359, n. 96.

Corporations, 14a C. J., sec. 4119, p. 1399, n. 70, 71; sec. 4121, p. 1400, n. 94; p. 1401, n. 1 New.

Dismissal and Nonsuit, 18 C. J., sec. 93, p. 1183, n. 79.

*Hoagland v. Wilcox,* 42 Neb. 138, 60 N. W. 376; *Davis v. Ballard,* 38 Neb. 830, 57 N. W. 527; *Greacen v. Buckley & Douglas Lumber Co.,* 167 Mich. 569, 133 N. W. 538; *Morgan v. Ryan,* 12 Wend. (N. Y.) 265; *Haywood v. Johnson,* 41 Mich. 598, 2 N. W. 926; *Coleman v. Lucksinger,* 224 Mo. 1, 123 S. W. 441, 26 L. R. A. (N. S.) 934; *City of Kirkwood v. Handlan,* 182 Mo. App. 626, 168 S. W. 346; *Kasch v. Williams* (Tex. Civ. App.), 251 S. W. 816; *Mosher v. Hunwaldt,* 86 Neb. 686, 126 N. W. 143; *Thompson v. Wright,* 22 Ga. 607; *State v. Joiner,* 138 Wash. 212, 244 Pac. 551.)

When an action is made local by the statutes and required to be brought where the corporation has its principal place of business or where other specified conditions exist, it cannot, if brought in the wrong county, be transferred to the proper county. In such cases a writ of prohibition will lie against the exercise of any jurisdiction except to dismiss. (*State ex rel. Gray's Harbor Commercial Co. v. Superior Court of King County,* 118 Wash. 674, 204 Pac. 783.)

By complying with the law relating to the designation of a person on whom process may be served, a foreign corporation obtains the same rights as a domestic corporation as to the venue of actions. (*Webster v. Oregon Short Line R. Co.,* 6 Ida. 312, 55 Pac. 661; *Boyer v. Northern Pac. Ry. Co.,* 8 Ida. 74, 66 Pac. 826, 70 L. R. A. 691; *Smith v. Inter-mountain Auto Co.,* 25 Ida.. 212, 136 Pac. 1125.)

Edwin Snow, for Defendants.

The amendment to C. S., sec. 6664, upon which plaintiff relies, relates by its express terms only to domestic corporations. Plaintiff being a foreign corporation, the amendment is not applicable. (Chapter 79, Laws 1923, p. 91; *Boyer v. Northern Pac. Ry. Co.,* 8 Ida. 74, 66 Pac. 826, 70 L. R. A. 691; *Thomas v. Placerville G. & Q. M. Co.,* 65 Cal. 600, 4 Pac. 641; *Waechter v. Atchison etc. R. Co.,* 10 Cal. App. 70, 101 Pac. 41; *Jennings v. Idaho R., L. & P. Co.,* 26 Ida. 703, Ann. Cas. 1916E, 359, 146 Pac. 101,

L. R. A. 1915D, 115; *Ivanusch v. Great Northern R. Co.*, 26 S. D. 158, 128 N. W. 333; *Eickhoff v. Fidelity & Cas. Co.*, 74 Minn. 139, 76 N. W. 1030; *New York Life Ins. Co. v. Pike*, 51 Colo. 238, 117 Pac. 899.)

Plaintiff is a foreign insurance company and is, therefore, exempted from having or designating any county as that of its principal place of business or designating a statutory agent. (C. S., secs. 4936, 4949.)

The 1923 amendment relating to domestic corporations is under the Idaho constitution and laws merely a matter of venue and not a matter of jurisdiction. (Sec. 20, art. 5, Const.; *Fox v. Flynn*, 27 Ida. 580, 150 Pac. 44; C. S., sec. 6665; Thompson on Corporations, 2d ed., sec. 3010; *Fresno Nat. Bank v. Superior Court*, 83 Cal. 491, 24 Pac. 157; *Griffin & Skelley v. Magnolia Fruit Cannery Co.*, 107 Cal. 378, 40 Pac. 495; *Miller & Lux v. Kern County Land Co.*, 134 Cal. 586, 66 Pac. 856; *Dee v. San Pedro R. Co.*, 50 Utah, 167, 167 Pac. 246; *Louisville & C. R. Co. v. Western Union Tel. Co.*, 218 Fed. 91.)

Chapter 79, Laws 1923, upon which plaintiff relies, has no application to this case, for the reason that the venue of actions against insurance companies is governed by special provisions of the Idaho statutes. (C. S., secs. 4921, 4926, 4967, 5121; 6 Thompson on Corporations, sec. 7426.)

Plaintiff has submitted itself to the jurisdiction of the Bannock county court and the Ada county court. (*California Pine Box & Lumber Co. v. San Francisco*, 13 Cal. App. 65, 108 Pac. 882; *Multnomah Co. v. Western Basket Co.*, 54 Or. 22, 99 Pac. 1046; *Hupfield v. Automaton Piano Co.*, 66 Fed. 788; *Adamson v. Bergen*, 15 Colo. App. 396, 62 Pac. 629; *National Coal Co. v. Cincinnati etc. Co.*, 168 Mich. 195, 131 N. W. 580; *Cook v. American Exchange Bank*, 129 N. C. 149, 39 S. E. 746; C. S., sec. 6681; *Olcese v. Justice Court*, 156 Cal. 82, 103 Pac. 317; *Pingree Cattle Loan Co. v. Webb*, 36 Ida. 442, 211 Pac. 556; *Roberts v. Superior Court*, 30 Cal. App. 714, 159 Pac. 465; *Schleef v. Purdy*, 107 Or. 71, 214 Pac. 137.)

"If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection." (*Pingree Cattle Loan Co. v. Webb,* 36 Ida. 442, 211 Pac. 556; *Pittenger v. Al. G. Barnes Circus,* 39 Ida. 807, 230 Pac. 1011; *Elliott & Healy v. Wirth,* 34 Ida. 797, 198 Pac. 757; *Fitzgerald & Mallory Const. Co. v. Fitzgerald,* 137 U. S. 98, 11 Sup. Ct. 36, 34 L. ed. 608.)

"The code provides in what counties the venue of an action may be laid, but if in contravention to those provisions the venue is laid in another county than that prescribed, the remedy given is a motion to change the place of trial." (*Benson v. Eastern Bldg. & Loan Assn.,* 174 N. Y. 83, 66 N. E. 627.)

VARIAN, Commissioner.—Original application for a writ of prohibition. Plaintiff seeks to restrain the defendants from proceeding with a trial of a certain action pending in the district court of the third judicial district, wherein Idaho Farm Development Company, a Delaware corporation, is plaintiff, and Idaho Construction Company, an Idaho corporation, and the American Surety Company of New York, a New York corporation, are defendants, and from making any order in said cause except to dismiss or strike said action from the calendar, upon the ground that defendants have no jurisdiction of said action.

The complaint was filed in the district court of the fifth judicial district, for Bannock county, May 4; 1925, and summons was served upon the Commissioner of Finance as the statutory agent of plaintiff herein. By mistake, the said commissioner returned the copies of the complaint and summons to counsel for plaintiff in that action. Said attorney thereupon orally, and by letter dated June 23, 1925, communicated with counsel for the American Surety Company of New York, advising him of the filing and service of complaint and process in the said action. On August 15, 1925, plaintiff here, defendant in the district court, filed a motion to dismiss the action in said district court, together

with an affidavit in support thereof. Thereafter, on the same date, said surety company also served and filed its motion for change of place of trial from Bannock county to Ada county, upon the ground that the corporations defendant in said actions did not reside in Bannock county, and at the time of the commencement of this action were corporations having their principal places of business in Ada county, Idaho. Omitting the title, the motion commences as follows:

"Comes now the defendant, American Surety Company of New York, and without waiving its motion to dismiss and in the event the court holds it has jurisdiction of this cause, and moves the court that an order be made changing the place of trial," etc.

Affidavit in support of this motion was served and filed, together with a formal demand for change of place of trial. Omitting the title, the demand reads as follows, viz.:

"The defendant, American Surety Company of New York, without waiving its motion to dismiss and in the event the court holds that it has jurisdiction of this cause, does hereby demand," etc.

The motion to dismiss was argued and submitted to the district judge presiding in Bannock county, who, on December 10, 1925, without formally passing on the motion to dismiss, entered an order transferring the cause to Ada county, in the third judicial district, for trial. On May 15, 1926, the plaintiff here moved the Ada county district court to dismiss the action for want of jurisdiction. The motion was denied, and plaintiff brought this proceeding.

The application for the writ is supported by affidavit. The verified return of defendants admits the facts set forth in the affidavit and alleges the filing of demurrer by Idaho Construction Company, on December 8, 1925, the granting of the motion for change of place of trial on December 4, 1925, and that prior to August 15, 1925, counsel for plaintiff in the district court granted counsel for American Surety Company of New York several oral extensions of time in which to plead to the complaint in the district

court, and that on July 22, 1925, at the request of counsel for said surety company, a written stipulation was signed by plaintiff's counsel in the district court of Bannock county, extending the time in which the surety company would be required to appear and plead to the complaint to and including August 15, 1925. A duplicate of this stipulation so signed was delivered to counsel for the surety company, but does not appear to have been filed with the clerk of the district court.

[1] It is contended by plaintiff that the district court of Bannock county had no jurisdiction of the action brought against the American Surety Company of New York, and could make no order except that of dismissal.

C. S., sec. 6664, as amended by Sess. Laws 1923, c. 79, p. 91, reads:

"Section 6664 (4123). Other Actions: Venue Determined by Residence. In all other cases the action must be tried in the county in which the defendants, or some of them, reside, at the commencement of the action; or, if none of the defendants reside in the state, or, if residing in this state, the county in which they reside is unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint; and if the defendant is about to depart from the state, such action may be tried in any county where either of the parties reside, or service is had, subject, however, to the power of the court to change the place of trial, as provided in this code; *Provided,* That all actions against life or fire insurance companies, suit or action may be commenced and tried in the county where the death occurred or the loss was sustained; and *Provided, further, That in all actions against any corporation organized under the laws of the state of Idaho, suit or action shall be commenced and tried in any county of this state where the defendant has its principal place of business or in the county in which the cause of action arose.*"

The new matter added to C. S., sec. 6664, by the amendment of 1923 is italicized.

Plaintiff argues that this court has held that a foreign corporation, by complying with the statutes of Idaho relative to such corporations doing business therein, thereby acquires the same rights, as to venue in actions brought against it, as domestic corporations; that the foregoing statute therefore applies to plaintiff in the matter of venue, and it could not be sued except in Ada county, where its principal place of business in Idaho is situate, or in Twin Falls county, where the cause of action arose. (*Webster v. Oregon Short Line Ry.*, 6 Ida. 312, 55 Pac. 661; *Boyer v. Northern Pacific Ry. Co.*, 8 Ida. 74, 66 Pac. 826, 70 L. R. A. 691; *Smith v. Inter-Mountain Auto Co.*, 25 Ida. 212, 136 Pac. 1125.) These decisions were all handed down prior to the 1923 amendment to C. S., sec. 6664. They hold, in effect, that the statute being silent as to venue in suits and actions against corporations, either a domestic or a foreign corporation doing business in Idaho and complying with the statutes relative to foreign corporations doing business in this state may be sued in *any* county in the state. The act relied upon provides that all suits or actions against *domestic* corporations "shall be commenced and tried" in any county in which said corporation has its principal place of business, or the cause of action arose. This amendment assumes to change the venue as to suits or actions against domestic corporations only. No mention is made of foreign corporations doing business in this state. It is clear that the legislature did not intend to interfere with the rule then obtaining as to the venue of suits or actions against foreign corporations doing business in this state that had complied with the laws thereof. It follows that the rule announced in *Boyer v. Northern Pacific Ry. Co., supra,* is still in force.

[2, 3] Plaintiff is a foreign "insurance" company within the definition of our statute. (C. S., secs. 4921, 4926.) Before lawfully transacting any business in this state it was required to comply with the provisions of C. S., sec. 4949, and appoint the Commissioner of Commerce and Industry, and his successor in office, its agent upon whom service of

process in this state could be had.   C. S., sec. 4967, fixes the venue in all suits against a foreign insurance company, and, in effect, that they may be sued in the county where the loss occurs or where the policy-holder instituting such suit resides.   By complying with the requirements prescribed by C. S., sec. 4949, plaintiff was relieved from compliance with the general law regulating foreign corporations doing business in this state.   The legislature having established the venue in all actions against foreign insurance companies doing business in this state, the general provisions of the code relating to venue in actions against other classes of foreign corporations do not apply.

[4]   If, tested by the requirements of C. S., sec. 4949, the Idaho Farm Development Company brought its action against plaintiff in the wrong county, plaintiff's remedy was by motion for change of venue as provided by C. S., sec. 6665, and not by motion to dismiss the action.

The district court for Bannock county had jurisdiction of the subject matter of the action against plaintiff and its codefendant (Const., art. 5, sec. 20) and of the parties, subject to the privilege of removal, by defendants, of that action to the proper county.   The legislature being without power to limit the jurisdiction of said district court (Const., art. 5, sec. 13), the amendment of 1923 to C. S., sec. 6664, should not be construed as limiting the jurisdiction of that court over the action commenced in Bannock county.

[5]   Defendants contend that by asking for and receiving oral extensions of time in which to plead, the requesting and receiving a written stipulation from counsel for plaintiff in the district court for Bannock county extending the time to plead, although not filed, and the filing of the demand and motion for change of venue, together with the affidavit in support thereof, constitute, on the part of the American Surety Company of New York, a waiver of any right of objection it may have had to the jurisdiction of the district court in Bannock county.   Plaintiff contends that the proceedings for change of venue were all had subject to the denial of the district court to dismiss the action,

and were made only in the event of such denial; that until the court ruled on said motion to dismiss, the only matter before it was the challenge to its jurisdiction; that, not having ruled on the motion to dismiss, the court was without authority to transfer the action to Ada county.

The admitted design of plaintiff in filing the motion, demand and affidavit in support thereof was to protect it against default in the event the court should deny its motion to dismiss. While challenging the jurisdiction of the district court in Bannock county, the surety company concurrently therewith invoked the court's jurisdiction for its protection against default in case the court should later decide to assume jurisdiction of the cause. The two positions are inconsistent.

The general rule is that a motion for a change of venue is an appearance. (4 C. J. 1340; 2 R. C. L. 7.) A motion for a change of venue is an application for such an order as can be made only on the assumption that the court had jurisdiction of the suit. (*Jones v. Jones,* 59 Or. 308, 117 Pac. 414.) In considering objections to jurisdiction, the following rule has been cited with approval by this court, to wit:

"If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection." (*Lowe v. Stringham,* 14 Wis. 225, quoted with approval in *Pingree. Cattle & Loan Co. v. Webb,* 36 Ida. 442, 211 Pac. 556; *Pittenger v. Al. G. Barnes Circus,* 39 Ida. 807, 230 Pac. 1011.)

Plaintiff's counsel, before filing its demand and motion for a change of venue, sought and obtained from counsel for plaintiff in the action pending in the district court several oral, and one written, extensions of time in which to plead to the complaint. These facts, taken into consideration with the effect of filing the motion, affidavit and demand for change of venue, lead to the conclusion that by its own acts plaintiff has waived any right to object to the jurisdiction of the district court in which the action complained about was brought.

Mention of other questions suggested by the application and return is not deemed necessary to sustain the conclusions reached.

It is recommended that the application for a writ of prohibition be denied.

The foregoing is approved as the opinion of the court, and the application for a writ of prohibition is denied.

Budge, Givens and Taylor, JJ., concur.

(March 21, 1927.)

ON PETITION FOR REHEARING.

TAYLOR, J.—A petition for rehearing having been filed in this case, the opinion of the commissioners has been again carefully examined, and we conclude that it should be adhered to. The petition for rehearing is denied.

Wm. E. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.

GIVENS, J., Concurring Specially.—I concur in the holding that under C. S., secs. 4967 and 6665, the application for the writ should be denied, and therefore since C. S., sec. 6664, as amended by chapter 79 of the Session Laws of 1923, does not apply, it is unnecessary to discuss that section or the effect of the defendant's action in securing extensions of time to plead, etc.