**RUST v. MEREDITH PUB. CO.**

Civ. A. No. 4499.

United States District Court
D. Colorado.

Aug. 5, 1954.

Clayton D. Knowles, Denver, Colo., for plaintiff.

Grant, Shafroth & Toll, Erl H. Ellis, Denver, Colo., for defendant.

KNOUS, Chief Judge.

Originally commenced in the state District Court in the City and County of Denver, this cause has been removed to this court by the defendant, an Iowa corporation. Service of summons was made on a proper officer of the defendant at its home office in Des Moines, Iowa. The matter now pends on defendant's motion to quash the service of summons and dismiss the complaint on the ground that this court lacks jurisdiction over the person of the defendant and that the attempted service of process is insufficient to bring defendant before this court.

Plaintiff contends the service made is authorized and made valid by Rule 4(f)(2) of the Colorado Rules of Civil Procedure which provides that:

"Personal service outside the state may be made:

\*   \*   \*   \*   \*   \*

"(2) In any action, upon a person *domiciled* in this state, other than a natural person, by delivering a copy of the process, together with

a copy of the pleading upon which it was issued, in the manner provided by this rule for personal service in this state upon such person." (Emphasis supplied.)

The defendant argues that since it is incorporated under the laws of the State of Iowa, it could not be and never has been *domiciled* in the State of Colorado, constructively or otherwise, and hence is not subject to valid service under the foregoing rule.

In its opinion in New York Life Co. v. Pike, 51 Colo. 238, 117 P. 899, 901, the Supreme Court of Colorado stated:

"The authorities, both court and text-writers, announce as settled doctrine that a corporation organized under the laws of one state is a resident of the state under whose laws it was created; that it cannot be a resident of any other state; and, though such a corporation be permitted by another state, upon compliance with its laws, to carry on its business there, such permission and compliance does not make it a resident of such other state. Cook v. Hager, 3 Colo. 386; Shaw v. Quincy Mining Co., 145 U.S. 444, 12 S.Ct. 935, 36 L.Ed. 768; Boston Investment Co. v. [City of] Boston, 158 Mass. 461, 33 N.E. 580; Bergner, etc., Co. v. Dreyfus, 172 Mass. 154, 51 N.E. 531; Merrick v. Van Santvoord, 34 N.Y. 208; Boyer v. Northern P. Ry. Co., 8 Idaho 74, 66 P. 826, 70 L.R.A. 691; 1 Thompson on Cor. (2d Ed.) § 490 et seq.; 1 Cook on Cor. (6th Ed.) § 1; 1 Clark & Marshall Private Cor. § 114."

■ Notwithstanding that in precise usage "residence" and "domicile" are not convertible terms, see 28 C.J.S., Domicile, § 2(a), page 5, they are commonly taken as being synonymous in construing statutes. See 28 C.J.S., Domicile, § 2(b). As was said by the Colorado Supreme Court through Mr. Justice Burke, in Fangman v. Moyers, 90 Colo. 308, 309, 8 P.2d 762, 763: "It is unquestionably true that 'generally speaking domicile and residence mean the same thing'".

■ Considering the reasoning of the court and the authorities cited in support of its conclusions, I am convinced that the Colorado Supreme Court, in its opinions in New York Life Co. v. Pike, and Cook v. Hager, supra, use the term "residence" as being equivalent to and synonymous with "domicile." Thus, under the law of Colorado the defendant corporation, having been organized under the laws of Iowa, has never been "domiciled" in Colorado, hence the provisions of Rule 4(f)(2), supra, are not applicable to it.

Such inapplicability is further made to appear from the comments of the Rules Committee of the Colorado Supreme Court, wherein it was said in recommending the revision of Rule 4(f)(2) here under consideration:

"Paragraph 2 extends the provisions of the present subdivision (f) to permit personal service outside the state in any action upon a person domiciled in this state, other than a natural person. This will permit personal service outside of Colorado to be made upon a corporation *organized under the laws of Colorado* or upon a partnership or other unincorporated association domiciled in Colorado, whether as the basis for a personal judgment or in a proceeding in rem. Your committee is of the opinion that if, as was held in Milliken v. Meyer, 311 U.S. 457, [61 S.Ct. 339, 85 L.Ed. 278], a provision is valid which permits personal service outside this state to support a personal judgment as against a natural person who is a resident of this state, there is no reason why the same relief may not and should not be provided as against *a corporation incorporated under the laws of this state* or a partnership or other unincorporated association which has its domicile in this state." (Italics supplied.) See "Dicta", a publication of the Denver and Colorado Bar Associations and

the University of Denver, College of Law, vol. 21, July, 1944 issue, page 161.

It may not be considered that in adopting the amendment proposed by the committee the Court was unmindful of the foregoing comment as to its scope and purpose.

Accordingly, it is ordered that the motion to quash the service of summons be and the same is hereby sustained.