## Charles L. Yale

### *v.*

## Erastus S. Edgerton.

An order for the extension of time to answer, on the application of a defendant, is a recognition of the jurisdiction of the court over the person of the defendant.

An order was granted "that the plaintiff show cause, if any he has, before me at my chambers," signed by the judge of the proper district; the action desired under the order was within the exclusive jurisdiction of the *court*, and no surprise or injury was alleged. *Held*, to be an order to show cause before the *court*, and not before the judge at chambers.

The extension of time to answer, although contained in an order granting or denying other relief sought, is a favor, and is not superceded by an appeal from the order, under Ch. 22, L. 1861, and a judgment in the action by default, entered during the time extended for answer, was properly set aside.

This action was commenced in the District Court for Ramsey county. The defendant, appearing specially by attorney, made a motion to set aside the summons, &c. The plaintiff afterwards amended the summons and had it reserved. The defendant appearing specially by attorney, made a motion to set aside the amended summons, &c. These motions were both submitted to the court, and while they were held by the court under advisement, the time to answer being about to expire, the defendant, by his attorney, appearing specially, applied to the court for and obtained an order extending the time to answer, upon an affidavit of said attorney, stating among other things, that he appeared specially, that the motion to set aside the summons, and the motion to set aside the amended summons, were still pending, that the

defendant had made a full statement of the facts, &c., and that from such statement deponent believed the defendant had a good and substantial defense on the merits. This affidavit and order were served upon plaintiff's attorney. The plaintiff then made a motion to dismiss the two former motions made by defendant, on the ground that the making of the affidavit and procuring the order to extend the time to answer, and serving said affidavit and order on plaintiff's attorney, was an appearance in the action.

The decisions on these three motions were all filed on the 12th day of August, 1865. The motion to set aside the summons, &c., was denied; the order denying this motion allowed the defendant ten days to answer after service of the order, and was served August 14th. An appeal is taken from this order by the defendant.

The motion to set aside the amended summons was granted, and an appeal is taken from the order granting the same by the plaintiff.

The motion to set aside the two former motions was denied, and the plaintiff appeals from the order denying the same.

The appeal from the order denying the motion to set aside the summons, &c., was taken August 14th, and the undertaking provided for in Chap. 22, Laws 1861, given. On the 16th day of August, plaintiff entered judgment by default. The defendant, by his attorney, appearing specially, procured an order from the judge of said district, "that the plaintiff or his attorney show cause, if any they have, before me at my chambers, at St. Paul," &c., why the judgment should not be set aside, &c. This order was served upon plaintiff's attorney, who appeared as required by the order, and after first objecting that a *judge at chambers* had no jurisdiction to entertain the motion, and also that plaintiff had not been required to appear, and was not then before the *court*, opposed the motion. The application was granted, and an order entered vacating the judgment; from this order the plaintiff appeals to this court.

Yale v. Edgerton.

BIGELOW & DALRYMPLE.

MORRIS LAMPREY.

*By the Court*—McMILLAN, J.—The order of the court denying the plaintiff's motion to dismiss the prior motions of defendant to set aside the summons, &c., was erroneous.

The defendant having appeared specially, interposed the motions mentioned, which having been argued, were submitted to the court and held under advisement. The time for answering being about to expire, and the motions still pending, the defendant applied for and obtained an order extending the time to answer, upon an affidavit made by his attorney, stating among other things, that he appeared specially, that the motions to set aside the summons, &c., were still pending, that the defendant had made a full statement of the facts, &c., and that from such statement deponent believed that the defendant had a good and substantial defense on the merits. The affidavit and order were served upon the plaintiff's attorneys.

An application for an extension of time to answer, is a recognition of the jurisdiction of the court over the person, and requires a general appearance.

To extend the time to answer, is a favor which can only be granted to a defendant in an action. And to ask as a favor of the court, an extension of the period of time to answer on the merits, is a submission to the jurisdiction of the court. There is no protest in the act itself against the jurisdiction, as in a special appearance to vacate the summons; in the latter, the party is not in court for any purpose, except to protest against the jurisdiction, and if the protest is sustained, he is not within the tribunal; in the former, he asks a favor, and cannot be said to protest against the jurisdiction. But in this case he seeks to come in conditionally, that is, if the motions interposed by him are not sustained, he will remain and

VOL. XI.—18

answer, otherwise not. This is a conditional, not a special appearance—the latter is recognized at law, the former is unknown.

We perceive no hardship resulting from this rule. The party appears specially to avail himself of objections, which as they do not go to the merits of the case, are of a technical character, to be tolerated, as in some instances they involve principles necessary to the due administration of the law, but not to be encouraged, as they generally result in delaying or defeating substantial justice. Interposing an objection of this character, the party must rely upon the legal merits of his motion, and stand or fall by the correctness of his position, and there is nothing in the nature of these dilatory motions to appeal to the favor of the court, however the circumstances of any particular case may qualify this view, and constitute an exception to the rule, which may be recognized by the court on application for relief. This view renders unnecessary a further consideration of the questions arising on the appeals from the order denying the motion to vacate the summons, and the order granting the motion to vacate the amended summons.

The remaining appeal to be considered, is by the plaintiff, from an order setting aside the judgment entered by him in the action. On the hearing below, the plaintiff interposed a preliminary objection, that it was an order to show cause before the judge at chambers, whereas an application of this kind can only be determined by the court. The language of the order is, that "the plaintiff or his attorney show cause, if any they have, before me at my chambers in St. Paul," &c., signed by the judge.

By the act of 1862, Sess. Laws, pp. 67–8, the court is always open for the transaction of certain business, specified in the act, and embracing the present motion; the District Judge constitutes the District Court, and may direct the hearing of any particular matter which may be brought before the court,

by an order to show cause at the court house or elsewhere. There is a well known distinction between the powers of a court, and those of a judge at chambers.

The confusion which sometimes occurs in our practice, arises from the fact that the District Court consists of a single judge, and that the court, by the statute, is always open for certain business mentioned therein, and the business of the court may be transacted at any place designated by the judge for the purpose. The practice was almost universal until within a few years, and even yet prevails to a great extent, to describe the District Court, particularly in vacation, in notices and other motion papers, by the judges of the court—*ex. gr.*—a motion will be made before "the judge of the District Court in and for said county," or "before the Hon. A. B., judge of the District Court," &c., and until 1861, the identical section under which the power of the court to act in vacation exists, used the term "judge of any of said District Courts in vacation," as synonymous with court. Comp. Stat., Ch. 61, Sec. 44. See also Ch. 72, Secs. 15, 18.

While it is the better practice to specify distinctly that the application will be made to the court when such is intended, yet when an application to the court for action within the exclusive jurisdiction of a court, is described as an application to the judge of the proper court, in the absence of special circumstances creating an exception, we should hold it sufficient.

Applying this test to the case under consideration, we find that the order is substantially to show cause before the Hon. Westcott Wilkin, judge of the District Court for Ramsey County, at his chambers, &c. Although the judge's chambers is mentioned as the place of hearing, this does not tend to characterize the business to be transacted as what is technically known as chamber business, for the court may properly be held therein, and the language may well be considered as designating merely the place of holding the court.

The plaintiff alleges no surprise or injury in the premises. We think the court properly overruled the objection.

The entry of judgment by the plaintiff was unauthorized. The decision of the District Court, filed on the 12th day of August, denying the defendant's motion to set aside the summons, allowed the defendant ten days after service of a copy of the order, to answer the complaint. On the 14th day of August the defendant appealed from the order, and gave the undertaking provided for in Chap. 22, Laws 1861, and on the 16th day of August, the plaintiff entered judgment by default, for the amount of his claim.

Whatever may be the construction of the act of 1861, with reference to the effect of giving the undertaking on an appeal from an order under that act, we think the court below properly held that the extension of the time to answer, although contained in the order refusing the motion to set aside the summons, was a mere privilege granted to the defendant, and not an essential part of the order, and was unaffected by the appeal from the order. And whether properly granted or not, as it was an order of the court upon a matter within its jurisdiction, the plaintiff could not disregard it. The only course was to move to vacate the order. The defendant, therefore, had ten days from the 12th day of August, within which to answer, and the judgment having been entered within that time, was properly set aside by the court.

Let an order be entered in the respective appeals, in accordance with the foregoing opinion.