## A. M. C. JOHNSTON,

### vs.

## HENRY HIGGINS.

Where under *sec.* 4, *ch.* 67, *Laws* 1867 a motion is made in a district adjoining the district in which an action is pending, it is not necessary to the jurisdiction, that it should appear by any *showing* that the place at which the motion is noticed to be heard, is not farther from the county seat of the county where the action is pending, than is the residence of the judge of the district in which the action is pending, or that the motion is made in time. In such cases the presumption is in favor of the jurisdiction exercised, if there is no showing to the contrary.

This action was commenced in the district court for Wabasha county, in the third judicial district, and a writ of attachment was allowed by the court commissioner for that county on the 2d day of April, 1869. On the 30th day of September, 1869, levy was·made thereunder; on the 11th day of October, 1869, defendant served 'notice of a motion to vacate the attachment, to be heard upon affidavits on the 19th day of October following, before the judge of the first judicial district, at his office in Red Wing. Before the hearing the parties entered into a written stipulation in regard to the evidence to be used "on the motion." The parties both appeared on the day noticed for the hearing of the motion, when the plaintiff objected to further proceeding, on the ground that the judge had no jurisdiction to entertain the motion, because it did not appear by the moving papers, that the office of the judge at Red Wing is not

at a greater distance from the county seat of Wabasha county, than the residence of the judge of the third judicial district. The judge reserving his decision upon the objection heard the motion, which was presented by affidavits, and met by counter affidavits, concerning which it is only necessary to say they were conflicting, as to the material points upon which the motion was based. The motion was granted; and the plaintiff appeals from the order granting the same to this court.

W. W. Scott and Jacobs & Sterry for Appellant.

Brown & Stocker for Respondent.

*By the Court*—Berry, J.—While this action was pending in the district court for Wabasha county, in the *third* judicial district, the defendant gave the plaintiff notice of a motion to vacate the attachment issued therein—such motion to be made and heard before the judge of the first judicial district, at his office in Red Wing, in the county of Goodhue, &c. &c. The plaintiff appeared before said judge at the time and place designated, and objected to the hearing of the motion, upon the ground that it did not appear by any showing, that said judge had jurisdiction to entertain the same, under *sec. 4, ch. 67, Laws* 1867, nor that the motion was made in time under *sec. 3, ch. 66, Laws* 1867.

*Sec. 4, Ch. 67, Laws* 1867 provides that "motions must be made in the district in which the action is pending, or in an adjoining district, *provided*, that no motion shall be made in an adjoining district, which shall require the hearing of such a motion at a greater distance from the county seat where the action is pending, in which such motion is made, than the residence of the judge of the district wherein such action is pending from such county seat. It will be observed that

under this statute it is the *fact* in reference to distance which gives jurisdiction to the judge of the adjoining district, and that neither such jurisdiction, nor its exercise, are made to depend upon *proof* of such fact.

The motion although in terms made before the judge, must be held to have been addressed to the court. *See Sec.* 140, *Ch.* 66, *Gen. Stat. Ch.* 90, *Laws* 1868. *Yale vs. Edgerton,* 11 *Minn.* 274 ; and as our district courts are superior courts, the presumption is that the authority which they exercise in any particular case is within their jurisdiction, if it might have been within the same. *Holmes vs. Campbell,* 12 *Minn.* 226. This presumption is not overcome in this case by any showing to the contrary. The plaintiff's objections to the hearing were not then well taken. *See Newcomb vs. Reed,* 14 *How. Pr. R.* 100. As to the merits, it is only necesssary to add, that there is such a conflict between the affidavits read for, and against the motion, that we are unable to say that the court below erred in vacating the attachment. These conclusions render it unnecessary to consider the points made as to the form of the affidavit for attachments, and as to the stipulation.

Order affirmed.