(April 6, 1895.)

## MORRIS v. MILLER.
[40 Pac. 60.]

Practice—Special and General Appearance.—A party appearing specially and moving to quash the summons on account of insufficiency or irregularity of the same, if he afterward enters general appearance by filing demurrer, or answer, or both, waives any irregularity or insufficiency in the summons.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

Ailshie & Hall, for Appellant.

In this case no summons was ever issued as required by law, and the court was never vested with jurisdiction to hear and determine said action. This court in the case of *Chase v. Haygood,* 3 Idaho, 682, 34 Pac. 811, decided that after a special appearance in a justice's or probate court, a defendant might demur or answer or both, and upon appeal to the district court raise the special appearance and save all his rights under it, so that the question of waiver drops out of this case. (Rev. Stats., secs. 4655, 4140.) All the decisions upon this statute are to the effect that it is mandatory and must be strictly complied with. (*Sawyer v. Robertson,* 11 Mont. 416, 28 Pac. 456; *Sweeney v. Schultes,* 19 Nev. 53, 6 Pac. 44; *Atchinson etc. Ry. Co. v. Nicholls,* 8 Colo. 188, 6 Pac. 512; *Ward v. Ward,*

59 Cal. 139; *State v. Woodlief,* 2 Cal. 242; *Lyman v. Milton,* 44 Cal. 630.)

H. F. Samuels, for Respondent.

When it is difficult to tell which of the actions the plaintiff chooses, the prayer may determine character of the action. (Bliss on Code Pleading, 155.) The prayer in the complaint is as on a contract, so the summons would be a demand summons and come under subdivision 4, section 4655 of the Revised Statutes. The summons is a good demand summons. (*Higley v. Pollock,* 21 Nev. 198, 27 Pac. 896; *Behlow v. Shorb,* 91 Cal. 141, 27 Pac. 546.)

MORGAN, C. J.—Plaintiff brought suit in claim and delivery for the possession of a colt; alleged ownership, possession, and right of possession, wrongful taking by defendant, and demand, and refusal to return; brought suit for a recovery of possession, or for the sum of thirty dollars, the value of the property, in case delivery cannot be had, and for twenty-five dollars damages. Summons was issued and served upon defendant. The defendant appeared specially, by Ailshie & Hall, his attorneys, and moved to quash the summons for the following reasons: 1. That it does not give the notice required by law; 2. That it does not give notice of the time at which defendant is to appear. The motion was heard by the judge of the probate court, and decided against the defendant. Defendant then placed on file a general demurrer to the complaint, and also an answer denying generally and specifically each and every allegation of the complaint. The demurrer was overruled by the probate court, and the case went to trial, both parties appearing. After hearing the evidence and argument of counsel, the court decided the case in favor of the plaintiff (respondent in this court), and gave judgment for the return of the property to plaintiff, and against the defendant for costs. Defendant then appealed to the district court, wherein defendant again appeared, and moved to quash the summons and service, which was again denied by the district court. The defendant refused further to appear. Testimony of plaintiff

was taken, and judgment again rendered in his favor. Defendant now brings the cause to this court by appeal, and seeks to take advantage of his motion to quash the summons.

When, on the hearing in the probate court, in the motion to quash the summons, the court denied the motion, the defendant filed a general demurrer and answer. By filing said papers he entered a general appearance in the action. A general appearance in the action waives any irregularity in the summons. The defendant having waived the irregularity in the summons, if such existed, such irregularity cannot be taken advantage of either in the district court or in the supreme court. The judgment of the court below must be affirmed, and it is so ordered.

Huston and Sullivan, JJ., concur.