(April 20, 1921.)

## S. P. NEWMAN, Respondent, v. CHEESMAN AUTOMO-BILE CO., a Corporation, Appellant.

[197 Pac. 826.]

SUMMONS — DEFECTIVE SERVICE—ANSWER—DEFAULT JUDGMENT—MO-TION TO SET ASIDE.

1. By tendering an answer appellant submits to the jurisdic-tion of the court and cures defect, if any, in the service of summons and complaint.

2. The action of a trial court in refusing to set aside a judg-ment by default on account of inadvertence, surprise or excusable neglect will not be disturbed on appeal, unless it appears that there has been an abuse of the discretion vested in such court.

APPEAL from the District Court of the Fourth Judicial District of the State of Idaho, for Lincoln County. Hon. Wm. A. Babcock, Judge.

Motion to set aside judgment by default. Motion denied and defendant appeals. *Affirmed.*

Walters & Hodgin and Boyd, Devine & Eccles, for Ap-pellant.

Paul S. Haddock, for Respondent.

Counsel file no briefs.

DUNN, J.—This action was brought by the plaintiff to recover from the defendant the sum of $200, paid on the purchase price of a new automobile, and $775, the alleged value of a used automobile delivered to the defendant, which was to apply on the purchase price of said new automobile.

Summons and writ of attachment were issued in said action on August 16, 1917, and on the same day levy was

---

1. Pleading to merits as waiver of defective service of sum-mons, see note in 4 Ann. Cas. 290.

made on a Peerless seven-passenger automobile as the property of the defendant. On August 21, 1917, summons was served at Shoshone, Idaho, on W. S. Cheesman, as manager of said Cheesman Automobile Company.

No appearance having been made by said defendant, its default was duly entered and on September 11, 1917, said action came on to be heard in open court at Shoshone, and judgment was entered against the said defendant as prayed for in the complaint.

Execution issued on September 12, 1917, and on September 19th the sheriff of Lincoln county sold the said Peerless seven-passenger automobile under and by virtue of said execution.

On September 28, 1917, the defendant appearing specially, moved the court to quash, vacate and set aside the summons in said cause and the service and return thereof and to dissolve the writ of attachment issued in said cause for the following reasons:

"That the defendant, Cheesman Automobile Company, is a corporation organized and existing under and by virtue of the laws of the state of Utah, and not engaged in transacting business within the state of Idaho, within the purview of the statutes of the said state of Idaho, relating thereto.

"That the nature of this action as disclosed by the complaint is personal in its nature, and does not fall within the sections of the statutes of the state of Idaho authorizing service outside of the state or by publication.

"That said action, as disclosed by the complaint is not one upon a judgment, or upon contract express or implied, within the purview of sections 4302 and 4303, Idaho Revised Codes, and that said attachment was wrongfully issued.

"That by reason of the foregoing this court has acquired no jurisdiction of the defendant."

This motion was not brought on for hearing, but on November 16th, 1917, the defendant filed notice of motion that on December 1, 1917, or as soon thereafter as counsel could be heard, it would move the court to vacate the judgment rendered against the defendant in said cause and set aside the default of the defendant on the following grounds:

"That at the date of entering said default and at the date of rendering said judgment, this court had acquired no jurisdiction of the defendant.

"That said proceedings and all thereof were taken against this defendant through its inadvertence, surprise or excusable neglect, all of which will more fully appear from the affidavits of Walker S. Cheesman, Elias Cross and E. A. Walters, which are hereto attached and which with the defendant's verified answer which is attached hereto and tendered for filing, and as for an affidavit of merits, together with the records and files in said cause, will be used in support of, and upon the hearing of, said motion."

At the same time the defendant filed its answer in said cause and the affidavits of W. S. Cheesman, Elias Cross and E. A. Walters in support of its said motion.

On November 28, 1917, in opposition to said motion, the plaintiff filed the affidavits of E. G. Gooding, Paul S. Haddock and L. S. Johnson and before the motion was heard the additional affidavit of S. P. Newman.

On the hearing, after argument by counsel for the respective parties, the motion was by the court denied and the defendant appealed.

Respondent has moved to dismiss the appeal on the ground that it was not taken and prosecuted in good faith and that appellant has failed to file any assignment of errors or to file or serve brief or argument on appeal.

The motion to dismiss the appeal is not well taken and is therefore denied.

By tendering an answer the appellant submitted to the jurisdiction of the court and cured the defect in the service relied upon, if there was in fact any such defect. (*Felts v. Boyer*, 73 Or. 83, 144 Pac. 420.)

This leaves simply the question whether or not there is inadvertence, surprise or excusable neglect shown which entitled the appellant to have the judgment and default set aside and the case heard on its merits. The principal, if not the sole, ground upon which the appellant relies is the claim made by W. S. Cheesman, its manager, that at the time

service of summons was made upon him in Shoshone, Idaho, he was in the office of Mr. Haddock, attorney for the respondent, and that Mr. Haddock then stated to him that he had forty days after service in which to answer the complaint. This statement of Mr. Cheesman is denied in the affidavit of Mr. Haddock.

An examination of the evidence submitted to the trial court, which is wholly documentary, leaves us unable to say that the trial judge abused his discretion in refusing to set aside the judgment and default. We, therefore hold that the judgment of the trial court should be affirmed, and it is so ordered. Costs to the respondent.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.

---

(April 20, 1921.)

Paul S. Haddock, for Respondent.

Counsel file no briefs.

