(December 22, 1922.)

PINGREE CATTLE LOAN COMPANY, a Corporation, Respondent, v. CHARLES J. WEBB & COMPANY, a Corporation, Appellant.

[211 Pac. 556.]

SUMMONS — SERVICE — APPLICATION FOR ORDER EXTENDING TIME — APPEARANCE—JURISDICTION.

Where defendant, after denial of its motion to quash service of summons, asked for and was granted time in which to demur or answer, its request for time constituted a general appearance.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action for damages. Judgment for respondent. *Affirmed.*

S. L. Hodgin, for Appellant.

A stipulation extending time in which appellant may appear is not a general appearance sufficient to subject the appellant to the jurisdiction of the court. (2 R. C. L. 328; C. S., sec. 7202; *Domer v. Stone,* 27 Ida. 279, 149 Pac. 505; *Washington etc. Dev. Co. v. Weiser Nat. Bank,* 26 Ida. 717, 146 Pac. 116.)

The test is whether defendant became an actor in the cause. (*Merchants Heat & Light Co. v. J. B. Clow & Sons,* 204 U. S. 284, 27 Sup. Ct. 285, 51 L. ed. 488.)

Peterson & Coffin, for Respondent.

A party appears generally in a cause, where, after adverse ruling on objection to jurisdiction of the court, the party voluntarily asks and obtains from the court an order for enlargement of time in which to answer or demur. (*Upper Miss. Trans. Co. v. Whittaker,* 16 Wis. 220; *Yale v. Edgerton,* 11 Minn. 271 (Gil. 184); *Payne v. Pullan,* 44 Cal. App. 728, 187 Pac. 127; *Security Loan & Trust Co. v. Boston & S. R. Fruit Co.,* 126 Cal. 418, 58 Pac. 941, 59 Pac. 296; *McKillip v. Harvey,* 80 Neb. 264, 114 N. W. 155; *State ex rel. Mackey v. District Court,* 40 Mont. 359, 135 Am. St. 622, 106 Pac. 1098; *Elliott & Healy v. Wirth,* 34 Ida. 797, 198 Pac. 757.)

A stipulation between counsel for the respective parties to an action allowing a defendant who has appeared specially in a cause an enlargement of time in which to plead to the merits is a general appearance. (*Roth v. Superior Court,* 147 Cal. 604, 82 Pac. 246; *California Pine Box & Lumber Co. v. Superior Court,* 13 Cal. App. 65, 108 Pac. 882; *Multnomah Lumber & Box Co. v. Western Basket &*

*Barrel Co.,* 54 Or. 22, 99 Pac. 1046, 102 Pac. 1; C. S., sec. 7202.)

BUDGE, J.—Appellant is a corporation organized under the laws of the state of Pennsylvania with its principal place of business at Philadelphia. The respondent is a corporation organized under the laws of the state of Idaho with its principal place of business at Pocatello. The respondent was the owner and holder, by assignment, of a note which was secured by chattel mortgage, covering certain wool purchased by appellant. On November 13, 1920, the respondent commenced an action in the district court of the fifth judicial district against appellant to recover the wool covered by its mortgage or the value thereof. On or about the 4th day of June, 1920, service of summons was had upon one J. L. Jones, an employee of appellant. On September 8, 1920, appellant entered its special appearance by motion to set aside the service of summons, which motion was by the court denied. In the order denying the motion ten days were granted to appellant within which to demur or answer. On September 11, 1920, appellant made application to the court for an extension of time to plead and thereupon the following order was made: "In the above-entitled cause, upon application of defendant, and good cause being shown and appearing to the court therefor it is ordered that the defendant be given twenty days in addition to the ten days heretofore granted in which to answer or demur."

Thereafter, and prior to the expiration of the time for demurring or answering, the following stipulation was entered into by the parties: "It is hereby stipulated and agreed by and between counsel for the respective parties hereto, that the defendant, Chas. J. Webb & Company, may have to and including the 10th day of October, 1920, in which to answer, demur or otherwise plead in the above-entitled cause."

Prior to the expiration of the time thus granted to demur or answer appellant filed what it termed "Exceptions to the

order of the court overruling defendant's motion to quash service of summons.''   On October 25, 1920, default having theretofore been entered for failure to plead, proof was submitted by respondent in support of the allegations of its complaint and judgment awarded in its favor.   This appeal is from the judgment.

The controlling question presented on this appeal is whether appellant's request for the order made by the court on September 11, 1920, was equivalent to a general appearance and vested the court with jurisdiction.

The general rule would seem to be that a party appears generally in a case where, after adverse ruling on objection to the jurisdiction of the court, he voluntarily asks for and obtains from the court an order for enlargement of time in which to demur or answer.   To seek and obtain such relief is consistent only with the complete jurisdiction of the court over the party applying for it, and if founded upon such application, the jurisdiction of the court, by reason of want of proper service can no longer be questioned.   (*Upper Mississippi Transp. Co. v. Whittaker,* 16 Wis. 220.)   Authority for this rule is found in 4 C. J. 1339, as follows: ''So an application for an extension of time to plead is a recognition of the jurisdiction of the court over the person and constitutes a general appearance.''

It is held in *Payne v. Pullan,* 44 Cal. App. 728, 187 Pac. 127, that: ''Defendant, who had appeared specially to move that service of summons by publication be quashed, by moving for and taking order extending time in which to answer, in case motion to quash service of summons should be denied, personally appeared in the action.''

In the case of *State ex rel. Mackey v. District Court et al.,* 40 Mont. 359, 135 Am. St. 622, 106 Pac. 1098, it is also held: ''Where defendants, after a denial of their motion to dismiss the action, asked for and were granted time in which to answer to the merits, their request for time constituted a general appearance, the effect and scope of which could not be limited by a statement of counsel, that he desired the record to show that his appearance was special.''

In the case of *Yale v. Edgerton,* 11 Minn. 271 (Gil. 184), the court said: "An application for an extension of the time to answer, though a motion be pending to set aside the summons, is a recognition of the jurisdiction of the court over the person."

When appellant made application for and received an order enlarging its time within which to plead, it thereby admitted the jurisdiction of the court over its person. Such an order could only be made by the court upon the hypothesis that it had jurisdiction of the cause. In the case of *Lowe v. Stringham,* 14 Wis. 225, the court tersely stated the rule which we think applicable to the case now under consideration as follows: "If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes, except to make that objection."

Independently of appellant's application for the order extending time in which to plead it would seem that the following authorities are to the effect that a stipulation entered into between counsel and filed, as was done in this case, amounts to a general appearance. However, in this case it is not necessary that this particular point be decided. (*Roth v. Superior Court,* 147 Cal. 604, 82 Pac. 246; *California Pine Box & Lumber Co. v. Superior Court,* 13 Cal. App. 65, 108 Pac. 882; *Multnomah Lumber & Box Co. v. Weston Basket & Barrel Co.,* 54 Or. 22, 99 Pac. 1046, 102 Pac. 1.)

From what has been said it follows that the judgment should be affirmed and it is so ordered. Costs are awarded to respondent.

McCarthy, Dunn and Lee, JJ., concur.