(December 1, 1924.)

DR. FRED A. PITTENGER, Respondent, v. AL. G. BARNES CIRCUS, Appellant.

[230 Pac. 1011.]

SUMMONS—DEFECTIVE SERVICE—GENERAL APPEARANCE.

Defective service of summons is cured by general appearance of defendant.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Action upon an alleged indebtedness. Judgment for plaintiff. *Affirmed.*

P. E. Cavaney, for Appellant.

The motion to quash the summons and dissolve the attachment was a special and not a general appearance. '(*Central Creek Orchard Co. v. Taft Co.*, 34 Ida. 458, 202 Pac. 1062; *Shaw v. Rowland*, 32 Kan. 154, 4 Pac. 146; *Ferguson v. Rose*, 5 Ark. 517; 1 Am. & Eng. Ency. of Law, 183, 184 and note; *Lyman v. Milton*, 44 Cal. 630; *Kinkade v. Myers*, 17 Or. 470, 21 Pac. 557.)

A special appearance by motion to quash summons or vacate attachment was not a general appearance. (*Deidsheimer v. Brown*, 8 Cal. 339; *Paul v. Armstrong*, 1 Nev. 98; *Gray v. Hawes*, 8 Cal. 562; *Atkinson etc. R. Co. v. Nicholls*, 8 Colo. 188, 6 Pac. 512; *Linden G. M. Co. v. Sheplar*, 53 Cal. 245; *Kent v. West*, 50 Cal. 185; *Harkness v. Hyde*, 98 U. S. 476, 25 L. ed. 237; *McDonald v. McLaury*, 63 Hun, 626, 17 N. Y. Supp. 574.)

An answer to the merits does not waive the benefit of an exception to an order denying motion to quash service of summons or dissolve an attachment. (*McDonald v. Agnew*, 122 Cal. 448, 55 Pac. 125; *Converse v. Warren*, 4 Iowa, 172; *Block v. Glendenin*, 3 Mont. 49; *State ex rel. Lane v. District Court*, 51 Mont. 503, 154 Pac. 200; *Miner v. Francis*, 3 N. D. 549, 58 N. W. 343; *Austin Mfg. Co. v. Hunter*, 16 Okl. 86, 86 Pac. 293; *St. Louis & S. F. R. Co. v. Clark*, 17 Okl. 562, 87 Pac. 430; *Benedict v. Johnson*, 4 S. D. 387, 57 N. W. 66; *Fisher etc. Co. v. Crowley*, 57 W. Va. 312, 4 Ann. Cas. 282; *Southern Pac. Co. v. Denton*, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. ed. 942; *Stonega C. & C. Co. v. Louisville & N. R. Co.*, 139 Fed. 271; *Sanderson v. Bishop*, 171 Fed. 769; *Foster Milburn Co. v. Chinn*, 202 Fed. 175, 122 Pac. 577; 10 Rose's Notes to U. S. Reports, 2d ed., pp. 608–611.)

Harry S. Kessler, for Respondent.

Filing motion in the probate court to dissolve the attachment was a nonjurisdictional ground and constituted a general appearance. (*Central Creek Orchard Co. v. C. C. Taft Co.*, 34 Ida. 458, 202 Pac. 1062; *Elliott & Healy v. Wirt*, 34

Ida. 797, 198 Pac. 757; *Shaw v. Martin,* 20 Ida. 168, 117 Pac. 853.)

Filing its answer in the probate court was a general appearance. (*Morris v. Miller,* 4 Ida. 454, 40 Pac. 60; *Moseley v. Fidelity Co.,* 33 Ida. 37, 189 Pac. 862; *Newman v. Cheesman Auto Co.,* 33 Ida. 685, 197 Pac. 826.)

Stipulating for taking depositions on the part of the appellant was a general appearance. (*Pingree Cattle Loan Co. v. Chas. J. Webb & Co.,* 36 Ida. 442, 211 Pac. 556; 4 C. J. 1344; *Roy v. Ward,* 69 N. Y. 96; *State v. Duluth, W. & P. R. Co.,* 25 S. D. 106, 125 N. W. 565.)

Proceeding to trial on the merits and introducing evidence in support of the answer was a general appearance. (*Morris v. Miller, supra; Pingree Cattle Loan Co. v. Webb & Co., supra; Miller v. Prout,* 33 Ida. 709, 197 Pac. 1025; 4 C. J. 1346, cases in note 9.)

Filing its notice of appeal and bond and appealing to the district court on questions of both law and fact was a general appearance. (*Gulf Pipe Line Co. v. Vanderberg,* 28 Okl. 637, Ann. Cas. 1912D, 407, 115 Pac. 782, 34 L. R. A., N. S., 661, and authorities cited in note; 4 C. J. 1346.)

Appellant appeared generally by filing new motions in the district court, particularly its motion to dissolve the attachment by which it joined its objections to the jurisdiction of the person of appellant with a nonjurisdictional ground. (*Orchard v. C. C. Taft Co., supra; Elliott & Healy v. Wirt, supra; Morris v. Miller, supra;* 4 C. J. 1334.)

DUNN, J.—This action was instituted against appellant for an alleged indebtedness due upon two causes of action; the first cause being for professional services rendered by respondent to one Garvey, who was alleged to have received injuries while in the employ of appellant, and the second cause was for hospital services rendered to Garvey, which has been assigned to respondent.

The action was commenced in the probate court. Summons was issued and on the same day an affidavit of attachment and bond were filed and writ of attachment issued

thereon. According to his verified return the constable made service upon the appellant by delivering to and leaving with Al. G. Barnes, its president, a copy of the summons and a copy of the complaint attached thereto. It is admitted, however, that the summons was handed to William K. Peck, an employee of appellant. Peck handed the summons and notice of attachment to one Tyler, who was the managing agent of the company. The evidence also shows that the matter was brought to the attention of Barnes before any action on the part of the appellant was taken. Appellant appeared specially by its attorney, and for the purpose of the motions only, and moved to quash the service of summons and to dissolve the attachment. These motions being denied, appellant filed an answer "without waiving his objections to the jurisdiction of said court over defendant." During the proceedings before the trial plaintiff and defendant, by their counsel, entered into a stipulation for taking the depositions of Barnes and Peck, which stipulation was thereafter filed with the court. The depositions were taken and returned to court and filed in the case. At the close of the testimony the respondent moved that his complaint be amended to conform to the proof so that the name of the appellant should read "Al. G. Barnes Amusement Company, commonly known as and advertised as the Al. G. Barnes Circus.". The amendment was allowed. The court thereupon entered judgment for respondent. Appellant appealed to the district court "upon questions of both law and fact," furnishing a bond for costs and stay of execution. Motions were filed in the district court to quash the service of summons and to dissolve the attachment. The motions were overruled and the appellant withdrew the answer which had been filed in the probate court and refused to plead further. Judgment was entered for respondent as prayed for in the complaint. This appeal is from that judgment.

Counsel for appellant contends that the court failed to obtain jurisdiction of the person of appellant company and for that reason the judgment is void and should be reversed.

Respondent contends that good and sufficient service had been made upon appellant and further that appellant has waived all of the alleged defects in the service of the summons by several acts on its part any one of which amounts to a general appearance.

There is no contention in this case that the summons was defective, but simply that no service was made upon a person legally representing appellant. It is not necessary to discuss the question of the sufficiency of the service, because it is clear from the record that the appellant appeared generally and thereby waived any defect in the service of summons.

C. S., sec. 6681, provides that "The voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him."

C. S., sec. 7202, provides that "A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him."

This court has held that the following acts on the part of a defendant constitute a general appearance:

Filing its answer. (*Morris v. Miller,* 4 Ida. 454, 40 Pac. 60; *Mosley v. Fidelity Co.,* 33 Ida. 37, 189 Pac. 862; *Newman v. Cheesman Auto Co.,* 33 Ida. 685, 687, 197 Pac. 826.)

"Participation in the trial of a cause of action by examining and cross-examining witnesses therein amounts to a general appearance and is a waiver of service of process." (*Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023.)

Filing its notice of appeal and bond, appealing to the district court upon questions of both law and fact, is also a general appearance. (*Gulf Pipe Co. v. Vanderberg,* 28 Okl. 637, Ann. Cas. 1912D, 407, 115 Pac. 782, 34 L. R. A., N. S., 661; 4 C. J. 1346.) This action on the part of appellant constituted a request for a new trial before the district court and was certainly a submission of appellant to the jurisdiction of that court.

*Pingree Cattle Loan Co. v. Webb,* 36 Ida. 442, at 446, 211 Pac. 556, justifies the holding that the stipulation to take

depositions filed in this case also constitutes a general appearance.

The rule to be observed by a defendant relying upon a special appearance to attack the jurisdiction of the court is well stated in *Lowe v. Stringham,* 14 Wis. 225, where the court said: "If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection."

Appellant also contends that the court committed error by allowing the amendment to the complaint giving the correct name of defendant. C. S., sec. 6726, provides that "The court may, in furtherance of justice and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party . . . . " The matter complained of was clearly within the discretion of the trial court. No abuse of discretion or miscarriage of justice being shown, the objection is without merit.

The judgment is affirmed, with costs to respondent.

McCarthy, C. J., and William A. Lee and Wm. E. Lee, JJ., concur.