(No. 4621.　August 4, 1927.)

B. F. PEAK, Respondent v. ROSS B. HADDOCK and HAZEL A. HADDOCK, Appellants.

[258 Pac. 555.]

APPEARANCE—IRREGULARITY OF HEARING IN ANOTHER COUNTY—OBTAINING AMENDMENT IN PROPER COUNTY, EFFECT.

Hearing at chambers in another county of the judge's district a demurrer to complaint in action to foreclose mortgage brought in county in which the mortgaged land is situated, is at most an irregularity, cured by defendants afterward appearing in the proper county and there asking for, and obtaining, correction of the record by amendment of the order overruling demurrer to show that defendants did not appear at the hearing on demurrer; a party by appearing in a case and asking for, and obtaining from the court, an order granting affirmative relief, thereby submitting himself to the jurisdiction of the court for all purposes.

---

Publisher's Note.

See Appearances, 4 C. J., sec. 41, p. 1350, n. 26; sec. 53, p. 1359, n. 96.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. H. F. Ensign, Judge.

Action to foreclose mortgage on real estate. Judgment for plaintiff. *Affirmed.*

Paul S. Haddock, for Appellants.

Actions for the foreclosure of a mortgage on real property must be tried in the county in which the real estate is situated, subject to the power of the court to change the place of trial, as provided for "in this code." (C. S., sec. 6661.)

A district judge has power to sit in chambers anywhere within his district, and when so acting has, among other powers, the power to hear demurrers. (C. S., sec. 6493.)

Unless otherwise specified by the district judge, all chamber's matters shall be heard in the judge's chambers in the county where said judge resides. (C. S., sec. 6496; 23 Cyc. of Law and Procedure, p. 544; *Goldtree v. McAllister,* 86 Cal. 93, 23 Pac. 207, 24 Pac. 801.)

Bothwell & Chapman, for Respondent.

The trial court had jurisdiction to hear and overrule appellants' demurrer. (C. S., secs. 6493, 6496; *Callahan v. Dunn,* 30 Ida. 225, 164 Pac. 356; C. S., secs. 6661, 6665, 6834, 6836, 7292, 7933; *Pingree Cattle Loan Co. v. Webb & Co.,* 36 Ida. 442, 211 Pac. 556; *Pittenger v. Al. G. Barnes Circus,* 39 Ida. 807, 230 Pac. 1011; *Chamberlain v. Lewiston,* 23 Ida. 154, 129 Pac. 1069.)

BUDGE, J.—This action was begun in Lincoln county, fourth judicial district, for the foreclosure of a mortgage on land situated in that county. A general demurrer to the complaint was interposed on behalf of defendants. On February 4, 1925, plaintiff filed and served a notice that on February 23d, at 10 o'clock A. M., or as soon thereafter as counsel could be heard, the demurrer would be called up

for hearing before the Honorable H. F. Ensign, Judge of said court, in chambers at Gooding, Idaho. On February 25th plaintiff's attorney appeared at that place before the judge in chambers, and defendants not appearing on the 23d or at all, an order was entered by the judge overruling the demurrer and giving defendants until March 7th in which to answer.

The record shows that on March 3, 1925, counsel for defendants filed with the clerk of the court in Lincoln county an instrument entitled, "motion to correct record," setting forth in full the terms of the order of the court overruling the demurrer at Gooding, in Gooding county, and seeking to have the same amended to show that counsel for defendants did not in fact appear at Gooding. The record also shows that on March 10, 1925, during a regular term of the district court in Lincoln county, an order was entered in open court granting the amendment sought by defendants' motion. It further appears that default for defendants' failure to answer was not entered until March 27, 1925, and that judgment was not filed until April 23, 1925.

Defendants appeal from the judgment, and while there are four errors assigned, as we view the case there is but one question here. The hearing of the demurrer in chambers at Gooding, in Gooding county, was at most a mere irregularity, and was cured by the subsequent action of counsel for defendants in appearing in Lincoln county, where the land sought to be foreclosed was situated, and there invoking the jurisdiction of the court. The rule would seem to be that where a party appears in a case and voluntarily asks for and obtains from the court an order granting affirmative relief he thereby submits himself to the jurisdiction of the court for all purposes. (*Pittenger v. Al. G. Barnes Circus*, 39 Ida. 807, 230 Pac. 1011; *Pingree Cattle Loan Co. v. C. J. Webb & Co.*, 36 Ida. 442, 211 Pac. 556.)

The judgment is affirmed, with costs to respondent.

---

Points Decided.

---

This cause was heard by Commissioners Varian, McNaughton and Brinck, and their conclusions support .the foregoing opinion.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.