317 P.2d 1050

Elizabeth K. SKILLERN (formerly Elizabeth K. Ward) and S. C. Skillern, her husband, Plaintiffs-Respondents,

v.

Charles S. WARD, Defendant-Appellant.

No. 8539.

Supreme Court of Idaho.

Nov. 14, 1957.

———◆———

Daniel A. Quinlan, Paul C. Keeton, Lewiston, for appellant.

Edward C. Butler, Thomas A. Maddén, Lewiston, for respondents.

354

TAYLOR, Justice.

March 21, 1923, the plaintiff (respondent) Elizabeth K. Skillern, and defendant (appellant), then wife and husband, executed an agreement for the support of their infant daughter, three years of age. June 8, 1923, a decree of divorce was granted to plaintiff in an action brought by her. By the decree, custody of the daughter was awarded to plaintiff and provision was made for her support by defendant, in conformity with the agreement of March 21, 1923. The decree also ratified and confirmed the agreement and made it a part thereof. So far as pertinent here, and in substance, the agreement required defendant to pay to plaintiff $50 per month for the support of the child, beginning June, 1923, and continuing until the child reached the age of 15 years, and thereafter at the rate of $75 per month until the child reached the age of 21 years; all payments to be made at the Empire National Bank at Lewiston, Idaho.

Plaintiff commenced this action June 23, 1955, to collect unpaid installments of support. At the same time plaintiff also filed affidavit and undertaking for attachment and thereupon summons and writ of attachment were issued. Although an answer to garnishment appears, the record does not show whether any property belonging to defendant was actually attached. Summons was subsequently personally served upon the defendant in Fairfield County, Connecticut, pursuant to proper affidavit and order therefor. Defendant made a special appearance and moved the court to quash the service of summons on the ground that the "action was not one in rem and does not come within the provisions of the Idaho Code allowing service of summons and complaint upon a defendant residing in a foreign jurisdiction", and that no jurisdiction of defendant was acquired by such service. After hearing, the motion was denied. The order denying the motion provided: "defendant is hereby given and granted the period of twenty (20) days within which to appear and plead to the complaint on file in said cause." Defendant thereafter filed a demurrer which contains a preliminary recital, as follows: "Comes now the defendant, Charles S. Ward, and having been required by an order of the court to make a general appearance in said cause, demurs to plaintiffs' Complaint upon the following grounds, to-wit: * * *." Defendant also filed an answer in which he recites, "the defendant having been required by the court to appear generally".

At the ensuing trial defendant appeared in person and with counsel, cross-examined the plaintiff's witnesses, and testified in his own behalf. The court made findings, conclusions, and entered personal judgment against the defendant for the total amount of past-due installments, with statutory interest, and attorney's fee.

Defendant brought this appeal.

The actions of the court in overruling appellant's objections to its jurisdiction, and in entering judgment against him in personam are assigned as error.

The action was apparently commenced as one in rem, in which the jurisdiction of the court was to have been predicated upon the attachment of property of the defendant within the state.

Section 8–501, I.C., provides:

"The plaintiff at the time of the issuing of summons, or at any time afterwards may have the property of the defendant attached, * * *."

Section 8–502, I.C., provides that the clerk must issue the writ of attachment upon an affidavit by or on behalf of the plaintiff reciting, among other things, that the defendant is a non-resident of the state. Section 5–508, I.C., authorizes personal service outside the state in lieu of publication, upon a sufficient affidavit and showing by the plaintiff.

Appellant does not challenge the sufficiency of the proceedings for the issuance of writ of attachment, nor the proceedings for the order for personal service outside the state. He does not assert any irregularity in said proceedings, nor in the service or proof of service in Connecticut. He contends only that the action not being in rem, the substituted service was not authorized and did not give the court jurisdiction to enter a judgment in personam.

The foregoing statutes clearly authorize an action against a nonresident, and the attachment of his property within the state for the satisfaction of a debt owing to the plaintiff. A judgment in favor of the plaintiff in such an action based upon substituted service is valid and enforceable to the extent of the value of property seized. Kerns v. McAulay, 8 Idaho 558, 69 P. 539; Sunderlin v. Warner, 42 Idaho 479, 246 P. 1.

Appellant further contends that since the record fails to show the attachment of any property, the court acquired no jurisdiction by the substituted service. This contention lacks merit for the reason that his motion to quash the service was not made upon the ground that no property had been attached, nor was it made upon the ground that he had no property in the state subject to attachment.

Since our statutes authorize substituted service in an action against a nonresident for debt, and service being essential to the maintenance of such an action, the court did not err in denying the motion to quash. Gorges v. Gorges, 42 Idaho 357, 245 P. 691; §§ 5–503, 5–506, 5–508, 5–509, 8–502 and 8–505, I.C.

There is a diversity of authority on the question as to whether or not a valid attachment must precede or accompany the substituted service, or whether the seizure of property of defendant is sufficient if it occurs any time before judgment. 42 Am.

Jur., Process, § 74; '72 C.J.S. Process § 73b, p. 1108.

Section 8–501, I.C., above quoted, provides that the attachment may be made at the time of issuing summons, "or at any time afterwards." However, we do not determine the point, because in this case it became immaterial whether any property was actually attached, or whether there was property subject to attachment.

■ The order of the court denying the motion to quash the service and fixing and allowing time for defendant to plead, did not require him to make a general appearance. At that stage of the proceedings the court would have had no jurisdiction to make such an order. Therefore, defendant's subsequent general appearance by demurrer and answer must be held to have been voluntary. By such pleadings and by his participation in the trial, defendant submitted himself to the jurisdiction of the court and judgment in personam was authorized. Morris v. Miller, 4 Idaho 454, 40 P. 60; Newman v. Cheesman Automobile Co., 33 Idaho 685, 197 P. 826; Miller v. Prout, 33 Idaho 709, 197 P. 1023; Pingree Cattle Loan Co. v. Charles J. Webb & Co., 36 Idaho 442, 211 P. 556; Pittenger v. Al. G. Barnes Circus, 39 Idaho 807, 230 P. 1011; American Surety Co. of New York v. District Court, 43 Idaho 589, 254 P. 515; Poage v. Co-operative Pub. Co., 57 Idaho 561, 66 P.2d 1119, 110 A.L.R. 1322; §§ 5–512 and 12–504, I.C.

■ Appellant makes the further contention that the court erred in entering judgment in favor of the plaintiff, Elizabeth K. Skillern, for the reason that the evidence shows the support of the child was provided by a volunteer, S. C. Skillern, whom plaintiff married January 5, 1924, and that S. C. Skillern supplied such support with no expectation of reimbursement. The evidence and the finding of the court is that the child was supported out of community funds of Elizabeth and S. C. Skillern, and that the expenses of her college education for one year were provided by Elizabeth K. Skillern with funds inherited from the estate of her mother. The efforts of plaintiff, Elizabeth K. Skillern, through the years, to collect from defendant (hereinafter mentioned) is evidence that the support was not given without expectation of reimbursement, and there is no evidence sufficient to support a contrary conclusion. S. K. Skillern joined as a plaintiff, expressly claiming no interest in the subject matter and "for the purpose of disposing of any community interest he might have in this action." S. K. Skillern died during the pendency of the action. The plaintiff is the payee named in the contract. The fact that the community may have acquired an interest in the recovery would not be a defense available to defendant. The assignment is without merit. Saunders v. Simms, 183 Cal. 167, 190 P. 806; Newman v. Burwell, 216 Cal. 608, 15 P.2d 511; Pemberton v. Pemberton,

95 Cal.App.2d 472, 213 P.2d 118; Smith v. Blanton, Tex.Civ.App., 240 S.W. 651; Davis v. Gould, 234 Mo.App. 42, 131 S.W. 2d 360; Dewey v. Dewey, 151 Mich. 586, 115 N.W. 735; McCormick v. Collard, 105 Ind.App. 92, 10 N.E.2d 742; Boggs v. Boggs, 138 Md. 422, 114 A. 474.

Appellant also contends that the daughter, Sallie Ann Ward, was the only proper party to maintain this action. The contract and decree obligated defendant to make the payments to the plaintiff. The evidence shows and the court found that the support, provided by the plaintiff and her deceased husband, was necessary, and exceeded in amount the payments agreed to be made by defendant. The plaintiff is the proper party to maintain this action. Cf. Saunders v. Simms, 183 Cal. 167, 190 P. 806; Doak v. Doak, Okl., 104 P.2d 563; Smith v. Blanton, Tex.Civ.App., 240 S.W. 651.

The appellant assigns as error the failure of the court to conclude that the action was barred by laches. Bearing upon this issue, the court found that at the time of the agreement of March 21, 1923, the defendant was in the military service and absent from the state of Idaho; that he was thereafter continuously absent from the state except for several short visits during the intervening years, which visits would aggregate a total time in Idaho of less than 90 days; that he had no property in Idaho of which plaintiff had or could have ascertained any knowledge prior to July 6, 1954; that she had counsel employed during the whole of the intervening period under instructions to enforce her rights under the contract whenever practicable or possible; that her counsel made investigation of the possibility of collection from time to time, negotiated with the defendant at various times, and one time had a suit instituted in Connecticut upon the agreement; that plaintiff had been diligent in seeking enforcement of her rights under the agreement and decree; that she had not voluntarily abandoned, waived or ceased to expect recovery from defendant. The court also noted in its findings the provision of the contract by which plaintiff agreed to seek enforcement in the civil courts only and not to resort "to any military courts or tribunals whatsoever." From these facts the court properly concluded that plaintiff was not guilty of laches. Smith v. Faris-Kesl Const. Co., 27 Idaho 407, 150 P. 25; American Mining Co. v. Trask, 28 Idaho 642, 156 P. 1136; Eldridge v. Idaho State Penitentiary, 54 Idaho 213, 30 P.2d 781; Estes v. Magee, 62 Idaho 82, 109 P.2d 631.

Appellant assigns as error the allowance of attorney's fee to the plaintiff. The assignment is not supported by argument or authority. The contract expressly provides for a reasonable counsel fee in any action for its enforcement. The amount allowed by the court is supported by evidence and is reasonable. Appellant

makes no contention as to the findings of the court with respect to the amount due and unpaid on the contract, nor the amount of the accrued interest thereon.

Judgment affirmed. Costs to respondent.

PORTER, SMITH and McQUADE, JJ., and SPEAR, D. J., concur.

KEETON, C. J., not participating.